CASE 71—PETITION EQUITY—JUNE 12.

# Hubble, &c. v. Dunlap, &c.

101   419
d123  387

APPEAL FROM GARRARD CIRCUIT COURT.

1. ATTORNEY AND CLIENT—LIEN FOR FEES—COMPROMISE.—While under the provisions of section 107, of the Kentucky Statutes, the plaintiff and defendant in an action may compromise in good faith and settle their differences, regardless of the fact that they had employed attorneys to represent them, yet it is not within their power by fraudulent conduct to compromise with a view to depriving attorneys of a just reward for their services.

L. F. HUBBLE AND W. I. WILLIAMS FOR APPELLANT.

1. Under the provisions of section 107, of the Kentucky Statutes the compromise provided for therein between the parties to a suit must be made in good faith, and without the payment of money or other thing of value, so as to deprive the attorney of his lien or claim against the defendant. It was not intended or contemplated thereby to furnish the parties to an action the means of fraudulently fixing up or arranging a settlement so as to deprive attorneys of their fees. Kentucky Statutes, sec. 107; General Statutes, art. 5, sec. 1; L. & N. R. R. v. Givens, &c., 13 Ky. Law Rept., 491; Skaggs, &c. v. Hill, 12 Ky., Law Rept., 382; Amer. Eng. Enc. of Law, vol. 1, p. 971, with the notes on page 972.

J. M. ROTHWELL AND WILLIAM HERNDON FOR APPELLEES.

1. The settlement herein was not in fact a compromise, but the
   plaintiff finding that he had no just claim agreed to a settle-
   ment of the suit.
2. There is no allegation that the suit was dismissed, and the
   record only shows a filing of an agreement, which by its terms
   was to be put on the order book; that case must necessarily
   have been off of the docket book before there is a basis for
   this suit.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The court sustained a demurrer to the petition in this case,
and from that judgment, this appeal is prosecuted. On
demurrer, the facts alleged in the petition are admitted to
be true. The appellants Hubble & Williams were attorneys
at law at Lancaster, Ky. They entered into a contract with
Dunlap, by which they agreed to examine and investigate
the various settlements made by Dunlap's various guardians
and to collect by suit or otherwise, any money or interest
that they ascertained to be due him, by any or all of his
guardians. For the services, thus rendered, Dunlap agreed
to pay them a sum, equal to one-half of whatever they might
recover, either by judgment or otherwise. Pursuant to that
agreement, as attorneys for Dunlap, they instituted an action
to recover what was alleged to be due Dunlap by his guar-
dian, B. T. Walter. After that suit had been instituted,
Dunlap appeared in open court and filed a writing, in which
it was recited that the claim for credits, and charges for
board, and money lent him was more than his claim, by
several hundred dollars; that at a certain time he was to pay
the guardian $25.00 in settlement of the suit. This was
followed by a release of the lien existing upon certain prop-

erty which was created by mortgage which had been given
to his guardian by one Hill to secure his indebtedness to the
ward, and to enforce the payment of which in part was the
purpose of the action which was instituted for him by the
appellants.

It is alleged, that at the time that action was instituted,
Dunlap's guardian was indebted to him several hundred
dollars; that there was a lien upon certain real estate to
secure its payment; that Dunlap would have succeeded in
recovering the amount claimed in that action; that they
would have been entitled to an amount equal to one-half of
it under their contract with Dunlap.

It is further alleged that the compromise was made with-
out their knowledge or consent; that the contract of compro-
mise was fraudulently entered into by Dunlap and defend-
ants for the purpose of depriving the plaintiffs of the fee to
which they were entitled under their contract with Dunlap;
that the compromise and agreement was not made in good
faith, but for the purpose of cheating, hindering and delay-
ing the plaintiffs in the collection of their fee; that the
defendants knew of the contract which had been entered
into by them and Dunlap, and that they appeared as the
attorneys of record for Dunlap. The plaintiffs claim they
have a lien upon the property and interest which they sought
to recover in the action which Dunlap brought against his
guardian, and seek to have it enforced.

We do not know why the court sustained the demurrer to
the petition as it does not appear in the record. The right
of Hubble & Williams to assert a lien must be determined
by the proper interpretation of section 107 of the Kentucky

Statutes. This section gives attorneys at law a lien upon all claims and demands, &c. put in their hands for suit or collection, for the amount of any fee which might have been agreed upon by the parties. In the absence of such agreement, for a reasonable fee for their services, and if the action is prosecuted to a recovery, they have a lien upon the judgment.

If the record shows the name of the attorney, the defendant in the action is charged with notice of the lien. The concluding part of the section is as follows:

"If the parties before judgment, in good faith, compromise or settle their differences without the payment of money or other thing of value, the attorney shall have no claim against the defendant for any part of his fee."

This paragraph was intended to enable parties to compromise and settle their differences, regardless of the fact that they had employed attorneys to represent them, but it must be done in good faith. The plaintiff and defendant in an action can not compromise and settle their differences with a view to deprive the attorney of his fee, and while the policy of the law was not to interfere with a compromise of a suit, made in good faith, yet the legislature did not intend to place it within the power of the plaintiff and defendant by fraudulent conduct to deprive attorneys of just reward for their services. We think the petition stated a cause of action. This opinion will not preclude Kennard as guardian of the Gills from contesting the right of the appellants to obtain a judgment, prejudicial to the rights of the ward. There was no appeal from the judgment, so far as it affected the rights of William Ward, he not having been made an appellee.

The judgment is reversed for proceedings consistent with this opinion.