CASE 79—ACTION TO RECOVER AN ATTORNEY'S FEE AND TO ENFORCE A LIEN ON LAND THEREFOR—MAY 1.

# McIntosh v. Bach.

APPEAL FROM BREATHITT CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   AFFIRMED.

ATTORNEY AND CLIENT—CONTINGENT FEE—LIEN FOR FEE.

Held:   1. Where M., against whom judgment had been rendered for the recovery of land, employed attorneys to regain the land for him, agreeing to pay them $200 for their services, but stipulating that they were to receive nothing unless they regained the land for him, and placed in their hands a refunding bond by which C. was obligated to him for the loss of the land, the attorneys having procured C. to purchase the land and convey it to M. in discharge of his obligation, the contingency has happened upon which the attorneys were to be entitled to the stipulated fee.
2. As the attorneys, after the refunding bond was placed in their hands, had a lien thereon for their fee, and their client accepted the land in discharge of that obligation, they are entitled to a lien on the land for their fee.

MARCUM & POLLARD, FOR APPELLANT.

On January 30, 1892, appellant made a written contract with Hurst and Bach, by the terms of which he agreed to pay them $200. Upon condition that they succeed in regaining for him the land in controversy in a suit pending in the Breathitt Circuit Court against appellant and others by one R. W. Barnett.   The petition,

in this action, alleges that "R. W. Barnett recovered a judgment for said land." The petition further alleges that appellee "took charge of a refunding bond executed to him by Richard Combs, with W. M. Combs surety, and procured said Combs to purchase said land, and caused a legal title to be conveyed to the defendant and thus succeed in regaining said land for him and fulfilling his original contract."

We can not see how this can be construed as a fulfillment of his original contract, which was to defend a *certain suit*, and the money was to be paid only in the event of success *in said suit.* The failure to succeed in this suit ended the rights of the attorneys under that contract, and no subsequent act between appellee and appellant could revive that contract except by express agreement, and this is not alleged and nowhere appears in the record.

We think the judgment is erroneous:

1. In adjudging any sum against the appellant, and, second, in adjudging a lien against the land. Walters v. Chinn, 1 Metcalfe, 503.

J. J. BACH for appellee.

Barnett had recovered judgment for the possession of a tract of land of appellant and one Minix.

The appellee and Hurst were attorneys-at-law. Minix employed them to institute a suit in the Breathitt Common Pleas Court to vacate that judgment, so far as it affected the land claimed by him. Afterwards appellant employed them to institute a similar suit for him and agreed to pay $200 of the $500 that Minix had agreed to pay them. The object was to regain the land recovered by Barnett, and they were to have nothing unless they succeeded in regaining the land in controversy in said suit. The appellee as counsel for him, had the privilege of exercising his discretion as to how he would regain the land. He instituted suit for that purpose, and pending it he found that Barnett, who did not live in Breathitt county, was largely indebted. He procured executions to issue against him, and caused them to be levied on the land and sold under them. He also procured Combs the warrantor of appellant's title, to bid on the land, pay for it, and convey the title to appellant. In this way appellee regained for appellant his land, and that, too, without cost or expense to him. Kentucky Statute, section 107, provides that attorneys-at-law shall have a lien upon all claims or demands put in their hands for collection, and upon the judgment for money or property recovered, &c.

Upon this showing we submit that the appellee is entitled to his fee and to his lien on the land.

McIntosh v. Bach.

Opinion of the court by JUDGE HOBSON—Affirming.

R. W. Barnett recovered a judgment against appellant, Nimrod McIntosh, for a tract of land. McIntosh then employed R. A. Hurst and J. J. C. Bach as his attorneys to regain the land for him, and agreed to pay them for their services $200. The contract contained this stipulation: "But they are to receive nothing for their services unless they succeed in regaining for me the land in controversy in said suit." He placed in their hands a refunding bond executed to him by Richard Combs, with W. M. Combs as surety; and they procured Combs to purchase the land, and caused the legal title to be conveyed to McIntosh, thus regaining the land for him. The purchase of the land by Combs, and the conveyance by him to McIntosh, were made to avoid liability on the bond. After this, Hurst assigned his part of the fee to Bach, and he filed this suit to recover of McIntosh the $200, and enforce a lien on the land. The petition substantially sets out the facts above stated. Summons was served on McIntosh, and he, failing to answer, judgment was entered as prayed. A part of the land was sold under this judgment, but by direction of Bach it was sold subject to the life estate of McIntosh and his wife; for the reason, as stated in the brief, that he did not desire to disturb them in the possession of the land so long as they lived. The sale was reported to the court, and confirmed without exception, and the purchase money paid. After all this, McIntosh sued out an appeal in this court, and insists, on the facts stated that, as nothing was to be paid for the services of the attorneys unless they regained the land, there could be no recovery for any amount, and that there was no lien on the land.

McIntosh v. Bach.

The purpose of the employment of the attorneys was to regain for McIntosh the tract of land which had been recovered of him by Barnett. The manner in which this was done is not of the substance of the contract. If they regained the land for him, the character of legal proceedings by which it was done is immaterial. If they obtained a sale of the land, and forced Combs to buy it in at that sale and convey it to McIntosh without cost to him, they, to all practical intents and purposes, regained the land for him, accomplishing the precise result that he contracted for; and, nothing else appearing, they are entitled to be paid their fee according to the contract. They at least made out a *prima facie* case on the facts stated, and if McIntosh had any defense, or there was any reason why, in equity or good conscience, the fee should not be paid the facts should have been presented by answer. As to the lien, section 107, Kentucky Statutes, provides, "Attorneys at law shall have a lien upon all claims or demands . . . put into their hands for suit or collection . . . for the amount of any fee which may have been agreed upon by the parties, . . . and if the action is prosecuted to a recovery shall have a lien upon the judgment for money or property which may be recovered." Section 469 also provides, "The term action when used in this revision shall be construed to include all proceedings in any court of this Commonwealth." Under these provisions an attorney has a lien on all claims or demands put into his hands for suit. This embraces a claim to property as well as a demand for the payment of money; and a result obtained by any kind of legal proceeding, such as an execution sale, stands on the same plane as the judgment in a regular action. Thus, if an attorney should be employed to collect a judgment, and

should have an execution issued, and a tract of land sold under it, and buy it in for the plaintiff in the execution, he would have a lien on the land for his fee. In the case before us, Hurst and Bach had a lien on the refunding bond after it was placed in their hands; and when, instead of collecting the money on this bond, by which Combs was obligated to McIntosh for the loss of the land, they succeeded in getting the land itself conveyed to McIntosh, and he accepted the conveyance, they were entitled to a lien on the land which they had gotten in lieu of the money on the bond, for this was what McIntosh wanted. They regained the land for him, and their right to a lien on the land is within the letter and spirit of the statute. Judgment affirmed.