Case 48.—ACTION BY J. C. CHANDLER AGAINST THE PROCTOR COAL CO., IN WHICH AFTER SETTLEMENT OF THE LITIGATION WITHOUT THE KNOWLEDGE OF PLAINTIFFS ATTORNEYS, TYE & DENHAM, THEY PETITIONED FOR A RECOVERY OF THEIR FEE.—Sept. 27.

## Proctor Coal Co. v. Tye & Denham.

Appeal from Whitley Circuit Court.

M. L. JARVIS, Circuit Judge.

Judgment for Plaintiffs.     Defendant Appeals.     Affirmed.

1. Attorneys at Law—Lien for Fees—Compromise of Claim—Cross Petition Against Defendants—Under Kentucky Statutes, section 107, allowing attorneys at law a lien upon all claims or demands, including claims for unliquidated damages, put into their hands for suit or collection, or upon which suit has been instituted, for the amount of any fee which may have been agreed on, or for a reasonable fee for their services, where a suit was filed by attorneys for C. against appellants for damages for the alleged negligence of appellants, and said suit was compromised by C. with appellants, by paying him a sum of money and agreeing to give him employment for a term, the attorneys had a right to file their pleading in the action against the defendants, asking for a recovery of their fee, and in such pleading it was not necessary that the plaintiff C. should be made a party thereto, and the fact that such pleading was denominated a cross petition, did not prejudice the rights of appellants.

2. Same—Independent Action—Plea in Original Action—Election —When an action is brought by attorneys on a claim or demand, placed in their hands for collection, and is settled by the

parties without their knowledge or consent, the attorneys may either institute an independent action against the defendants to recover their fees, or they may proceed against them by a pleading filed in the original action if it be pending.

3. Necessity for Prosecuting Plaintiff—In an action by attorneys against a defendant against whom they have a lien for a fee by reason of their employment for the plaintiff in a damage suit for plaintiff against the defendants, which had been compromised, it is not necessary that the attorneys should first have prosecuted an action against the plaintiff to ascertain what would be a reasonable fee. The statute gave them a cause of action against the defendants for their fee, and this claim they had a right to prosecute against the defendants without having made a settlement with the plaintiff.

4. Instructions to Jury—In such an action an instruction to the jury that if they believed from the evidence that the defendants settled with the plaintiff without the consent of the attorneys by paying plaintiff money or other thing of value, they should find for the attorneys such sum as they believed from the evidence would be a reasonable fee for their services as attorneys for plaintiff in his suit against defendants, was properly given by the court.

SHARP and SILER for appellant.

The appellant asks a reversal of this case,—

1. Because under Sec. 96, sub-sec. 3, of the Civil Code, a cross-petition is defined to be,

"The commencement of an action by a defendant against a co-defendant, &c." and the appellees in this action were not parties to the action, and, therefore, cannot maintain a cross-petition against the appellant.

2. The appellant cannot become a party defendant under Sec. 29 of the Civil Code, which provides that, "In an action or proceeding for recovery of real or personal property, or for the subjection thereof to a demand of the plaintiff," any person claiming a right to the property may, before the payment of the proceeds to the plaintiff, file in the action his petition stating his claim and controverting that of the plaintiff, for the reason that the section only provides for the intervention by a claimant of specific personal or real property when it is sought to be recovered.

3. The cross-petition, if filed as an original petition, does not state facts sufficient to constitute a cause for action against the appellant, and peremptory instructions should have been given.

4. The court erred in making Tye & Denham parties to the cross-petition, because the petition does not state a cause of action

Proctor Coal Co. v. Tye & Denham.

against Chandler, and he is not made a party to the cross-petition.

5. The court erred in admitting evidence as to the value of Appellee's services, as well as other incompetent testimony.

6. Because the court erred in its instructions given, and in refusing the instructions offered by the appellant.

### AUTHORITIES CITED.

Civil Code, Sec. 96 sub-sec., 3; Hubbell v. Dunlay, 19 Ky., R., 656; Leacock v. Hall, 13 B. Mon., 211; Jones v. Morehead, 3 B. Mon., 383; Clark v. Hunt, 7; J. J. Marshall, 243; Longest v. Breedon 9, Dana, 141.

TYE and DENHAM for appellee.

1. Attorney can prosecute the same action to a final judgment for his fees despite a settlement thereof between the plaintiff and defendant. (Forstman v. Schulting, 35 Hun., 504; Talcott v. Bronson, 4 Paige, 501; Potter v. Ajax Mining Co., 22 Utah, 273; Smelker v. Railway, 106 Wisc., 135; Herman v. Railway, 121, Fed. Rep.., 185; O'Brien v. Railway, 50 N. Y., Supp., 159; Manning v. Manning, 61 Ga., 137; Coleman v. Ryan, 58 Ga., 132.)

2. It is not necessary that the appellant be guilty of fraud or bad faith in the compromise of this action, in order to make it liable for the appellees' fee.

3. Even though the special contract is void the attorney does not forfeit his claim to full compensation for his services, and a recovery may be had thereof on a quantum meruit. (Sterns v. Felker, 28 Wis., 294; Weeks on Attorneys, Sec., 345; 1 Am. & Eng. Ency. of Law, page 968-9.)

4. A champertous contract being void, it is as if it had never been made, and it should not be allowed to affect the rights of the parties except in so far as they claim directly under it. (Rust v. Larue, 4 Litt., 412; Caldwell v. Shepherd, 6 Mon., 389; Wehmhoff v. Rutherford, 98 Ky., 97.)

5. In the absence of a bill of exceptions it will be presumed that the evidence introduced in the court below supports the verdict and judgment. (Louisville Bridge Co. v. Neafus, 23 R., 183.)

OPINION BY JOHN D. CARROLL—Commissioner, Affirming.

Appellees, as attorneys for J. C. Chandler, filed a suit in the Whitley circuit court against appellant to recover $10,080 damages alleged to have been sus-

tained by Chandler through the negligence of appellant. A short time after this action was brought, and after summons had been executed upon the defendant, Chandler and the defendant in that action, now appellant, without the knowledge or consent of his attorneys, compromised and settled the litigation between them, and it was agreed that the action should be dismissed at the costs of the defendant. After appellees ascertained that the compromise had been made, and before the action was dismissed, they filed their petition to be made parties, and on their motion they were made parties, and their petition was treated as a cross-petition against the Proctor Coal Company. In this petition they sought to recover from appellant $1,000, which they alleged was a reasonable fee for their services in the suit of Chandler against appellant. Issues were made by appropriate pleadings, and upon a trial of the action appellees were awarded by the jury $275. From a judgment for this amount, appellant prosecutes this appeal.

Ky. St. 1903 §107, provides: "Attorneys at law shall have a lien upon all claims or demands, including all claims for unliquidated damages put into their hands for suit or collection, or upon which suit has been instituted, for the amount of any fee which may have been agreed upon by the parties, or in the absence of such agreement, for a reasonable fee for the services or such attorneys; and if the action is prosecuted to a recovery, shall have a lien upon the judgment for money or property which may be recovered——legal costs excepted—for such fee; and if the records show the name of the attorney, the defendant in the action shall have notice of the lien; but if the parties before judgment, in good faith, compromise or settle their differences, without the payment of money or other thing of value, the attorney shall have no claim against the defendant for any part of his fee." Appellant insists that error to its prejudice was com-

mitted in permitting the pleading which was made a cross-petition against it to be filed, because under section 96 of the Code of Civil Practice a cross-petition is only allowed to a person who is either party plaintiff or defendant in an action, and, as appellees were not parties to the action of Chandler against the Proctor Coal Company, a cross-petition in their behalf was not allowable. They further say that Chandler was a necessary party to the proceeding by appellees, and the court erred in not requiring him to be made a party  Strictly speaking, the pleading filed by appellees was not allowable as a cross-petition against appellant, as appellees were not parties to the action in which the pleading was filed; but the mere technical error in denominating the pleading a cross-petition did not prejudice the rights of appellant. Nor does it present sufficient reason why the judgment below should be reversed. Nor was Chandler a necessary party to the pleading filed by appellees. The pleading set out that the action brought by Chandler had been settled, and Chandler had no further interest in the controversy with appellant. As he was not made a party to the proceeding by appellees against appellant, he is not bound by it; nor will appellant be permitted to complain of his failure to be made a party. If they had desired to bring Chandler into court they would have done so by an appropriate pleading; but it was not necessary that appellee should do this, because they asserted no cause of action against Chandler, nor did they seek any recovery against him.

The statute gave to appellees, as attorneys for Chandler, a lien upon the claim for unliquidated damages placed in their hands against appellant for suit, and when suit was filed on this claim by appellees as attorneys of record for Chandler, and summons served on appellant, they had notice of the fact that under the statute appellee had a lien upon the claim

sued on for a reasonable fee, and they could not divest appellees of this lien by compromising the claim with Chandler, without the knowledge or consent of appellees, unless, in the language of the statute, the settlement was made in good faith, without the payment of money or other thing of value. This statute was not intended to deny to parties to an action the right to settle their differences independent of their attorneys, and without notice to them; but if they do so settle, and money or other thing of value is paid by the defendant to plaintiff as a consideration for the settlement, the attorney for plaintiff may recover from the defendant a reasonable fee for his services. Nor was it designed to prevent the compromise or settlement of lawsuits out of court by the parties. The only purpose of it is to provide a means whereby attorneys who have been instrumental in bringing the settlement about, by reason of the claim being placed in their hands for collection, shall receive a reasonable compensation for the services they have rendered. Where the record shows the name of the attorneys, the statute provides that the defendant in an action shall be charged with notice of their lien, and, if with knowledge of this lien the defendant sees porper to settle with the plaintiff, he must satisfy the lien the claim was charged with when settled. When an action is brought by attorneys on a claim or demand placed in their hands for collection, and is settled by the parties without their knowledge or consent the attorneys may either institute an independent action against the defendant to recover their fees, or they may proceed against them by a pleading filed in the original action, if it be pending.

In this action, Chandler testified that appellees, under this contract with them, were to receive a sum equal to a certain part of the amount recovered; but as no particular amount, as we will hereafter see, was paid to Chandler in settlement of his claim, it was not

practicable for appellees to recover from appellant the sum they might have required Chandler to pay them. Therefore it was proper for appellees to prosecute their action against appellant for the recovery of a reasonable fee. It appears from the evidence that Chandler in a settlement of his claim for damages was paid a small amount of money and was to be given employment by appellant as long as it remained in existence. It will thus be seen that the amount received by Chandler was not definite, but there can be no question that he did receive money and other things of value. Aside from the cash payment, the obligation upon the part of appellant to give him employment as long as the company continued in business was a valid and enforceable obligation against it, upon which Chandler could have maintained an action for its breach.

It is further insisted that the claim of appellees was a debt against Chandler, and not against the Proctor Coal Company and that, before appellees could prosecute the action against the Proctor Coal Company the amount of their demand against Chandler should have been ascertained and made certain. It was not necessary to do this because the statute gave them a cause of action against the Proctor Coal Company for their fee, and this claim they had a right to prosecute against the Proctor Coal Company without having made any settlement with Chandler. The question of the amount of their fee and the services they rendered Chandler were questions of fact, to be determined in the usual manner, and it was not necessary to first institute an action against Chandler to fix the amount of their fee.

Our attention is called to the case of Hubble v. Dunlap, 101 Ky. 419; 41 S. W. 432, 19 Ky. Law Rep. 656, and it is insisted that under the authority of that case it was necessary for appellees to allege that the settlement between Chandler and the Proctor Coal

Company was not made in good faith, but was entered into for the fraudulent purpose of depriving appellees of the fee they were entitled to under the contract with Chandler  The rule laid down in that case is not applicable to the state of facts here presented. Under the statute "if the parties in good faith compromise or settle their differences without the payment of money or other thing of value, the attorney shall have no claim against the defendant for any part of his fee;" but if the settlement is made not in good faith, but with the fraudulent purpose of depriving the attorney of his fee, then he may maintain an action against the deefndant, although the plaintiff in the action did not receive from the defendant any money or other thing of value.  In that case the client appeared in court and filed a writing, reciting that the defendant did not owe him anything; but, on the contrary, he was indebted to the defendant.  Thereupon his attorneys instituted their action against the defendant asserting that, although it appeared from the settlement that no money or other thing of value had been received by plaintiff, the settlement between the plaintiff and the defendant was not made in good faith, but with the fraudulent purpose to defeat them in the collection of their fee, and the court said: "The plaintiff and defendant in an action cannot compromise and settle their differences with a view of depriv ing the attorney of his fee, and while the policy of the law was not to interfere with the compromise of suits made in good faith, yet the Legislature did not intend to place within the power of plaintiff and defendant by fraudulent conduct to deprive attorneys of just reward for their services."  The radical difference between that case and this is in the fact that in this case Chandler did receive money and other things of value.

Complaint is also made of the instructions.   The court instructed the jury, in substance, that if they believed from the evidence that the Proctor Coal Co.

settled with Chandler without the consent of Tye or Denham, by paying Chandler money, or other thing of value, they should find for the plaintiff such a sum as they believed from the evidence would be a reasonable fee as attorneys for Chandler in his case against the Proctor Coal Company.

We find no error in the instructions, nor was there any error committed in the admission or rejection of evidence, and the judgment of the lower court is affirmed.