## Louisville Railway Company v. Burke.

(Decided September 24, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas, Third Division).

1.  Attorney and Client—Contracts by Attorneys for Compensation.— Where a contract of an attorney with his client, for compensa-

tion, contains two distinct undertakings, viz.: one, for a contingent fee; the other, for a stipulated minimum fee, if the client should settle his claim without his consent, and prohibiting the client from so settling, the former undertaking may be enforced, but the latter, being void as against public policy, cannot be enforced.

2.  Attorney and Client—Lien of Attorneys for Compensation.—Where defendant in a litigation settled with the claimant, he is liable to the attorney of the claimant for such fee only as may be provided for under the valid provisions of his contract for compensation.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE for appellant.

ROBERT T. BURKE for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

Robert Moore, through his attorney, Robert T. Burke, instituted in the Jefferson Circuit Court suit against the Louisville Railway Company, in which he sought to recover damages for personal injuries, alleged to have been received by him, through the negligence of the said company. The case was pending in court for some time. Before it was called for trial, the plaintiff settled with the defendant for $50.00, and signed a writing, in which he agreed that the suit should be dismissed. Upon the filing of this agreement by defendant, plaintiff's attorney filed an intervening petition, in which he asked to be made a party, setting up and asserting a claim for $250.00, under a written contract which he had with his client. The contract was filed with and made a part of his pleading, and is in words and figures as follows:

"Louisville, Jan. 30, 1911.

"This agreement made by and between Robert Moore, party of the first part, and Robert T. Burke, an attorney, party of the second part, witnesseth:

"That the party of the first part, having been injured on the 13th day of August, 1909, at 34th St., and High Ave., through the negligence of the Louisville Ry. Co., while attempting to alight from one of the street cars of said company, and having heretofore employed the party of the second part as his attorney to prosecute a claim for damages against said company, and having brought suit upon said claim, does hereby

make this subsequent agreement and promises to pay to said second party, for and in consideration of services and advice rendered and to be rendered by said second party in the prosecution of said claim, a sum equal to one-half of any sum recovered from said company by compromise, judgment or otherwise with the consent of party of the second part. And the first party hereby agrees not to compromise said claim without the advice and consent of the said second party, and it is hereby agreed that if the said first party should compromise said claim without the advice and consent of the said second party for any sum less than five hundred dollars that the fee of the said second party is agreed upon to be two hundred and fifty dollars ($250.00). And in the event nothing is recovered from said company, then said second party is to receive nothing for his services.

"Witness,                                   ROBT. MOORE.
  "HUGH JONES.                              R. T. BURKE."

The defendant demurred to the intervening petition, upon the idea that the contract set up and relied upon, was void as against public policy, and for this reason unenforcible. The trial judge was of opinion that the contract was not void as an entirety, that it was severable and only that portion which denied to plaintiff the right to settle his suit without the consent of his counsel was void, and that the remainder thereof was valid. Thereupon the defendant offered to confess judgment for $25.00. This offer was rejected. The defendant then filed its answer, denying that it was indebted to the intervening petitioner in any sum in excess of $25.00, and later, in an amended answer, pleaded that the contract, by which plaintiff had agreed to pay to his counsel a fee of $250.00, in the event of a compromise of his suit without his counsel's consent for any sum less than $500.00, was immoral, champertous and void as against public policy. A demurrer was filed to this answer as. amended, and upon consideration, was sustained by the court. The case being submitted for judgment on the pleadings, the intervening petitioner was given judgment for $250.00, and the defendant appeals.

In the recent case of Newport Rolling Mill Co. v. Hall, 147 Ky., 598, this court had under consideration a contract, in all material respects, similar to the one at bar, and it was there held:

"The general rule is that if the obnoxious feature of a contract can be eliminated without impairing its symmetry as a whole, the courts will be inclined to adopt this view as the one most likely to express the intention of the parties; but if the good and bad are so interwoven that they cannot be separated without altering or destroying the general meaning and purpose of the contract, the good must go with the bad and the whole contract be set aside."

In Smith v. Corbin, 135 Ky., 727, it is said:

"In other words, it is a well known rule of law that where there are contained in the same instrument distinct engagements or covenants, by which a party binds himself to do certain acts, some of which are legal and some illegal, the performance of those which are legal may be enforced, although the performance of those which are illegal may not."

In Brown v. Langford, 3 Bibb, 497, the court said:

"Where there is a condition or covenant to do several things, a part of which is against the common law and the rest lawful, the condition or covenant will be void as to so much as is unlawful, and good for the residue. But this does not hold where a part of the consideration is unlawful. There is no question but that a promise founded upon several considerations, one of which is vicious, is void; and the same principle requires that a covenant should be held to be so, if the consideration be in part affected by turpitude. To the same effect is McLane v. Dixon, 30 Ky. Law Rep., 683; Averbeck v. Hall, 14 Bush, 505; Collins v. Merrell, 2 Met., 163; Swan v. Chandler, 8 B. Mon., 97."

"We are disposed to the view that this contract may be treated as a severable one, and that the objectionable clause may be stricken from it without affecting the validity of the remainder of the contract. The clause in question does not particularly concern the consideration specified in the contract, and it is generally in reference to contracts in which a part of the consideration is illegal that the courts have ruled that the entire contract was tainted. Where a part of the consideration upon which the contract rests is vicious, the courts as may be seen from the cases cited, will not undertake to separate the good consideration from the bad, but will discard it as a whole. The substantial considerations that

were the basis of the contract in question were the obligation upon the part of Hall to give his legal services to Starks, and the agreement on the part of Starks to pay for such services an amount equal to one-half of the recovery. These considerations were mutual and dependent one upon the other. The stipulation that neither should settle the claim without the presence of the other, had no bearing upon the mutual agreements that constituted the consideration for the contract.''

The contract under consideration is: First, an agreement on the part of the client, Moore, to pay his counsel, Burke, an amount equal to fifty per cent of the amount recovered by suit or otherwise, in consideration for the services which the attorney had, up to that time, rendered, or might thereafter render, in the course of the prosecution of the claim. This is a distinct undertaking on the part of the one to render to the other distinct services for an agreed sum. The contract further provided that no settlement should be made by the claimant, without the advice or consent of his counsel, and, if such settlement should be made for a sum less than $500.00, then the fee of the counsel should be $250.00, in any event. The right to claim the $250.00 is dependent solely upon that provision of the contract denying to the claimant the right to settle or adjust his claim, without the consent of his counsel; and that is the clause in the contract which this court, and courts generally, have held unenforcible and void, as against public policy. Hence, when the foundation upon which the claim is rested is destroyed, the claim must fall with it. The only enforcible contract appellee had, therefore, was the agreement with his client, whereby he was to receive a sum equal to fifty per cent of the amount recovered by suit or otherwise. Appellant knew that appellee represented Moore in the litigation, and hence, when it settled with Moore, it became answerable to his counsel for such fee as he was entitled to, under that part of the contract with Moore which was a valid and binding contract, to-wit: a sum equal to fifty per cent of the amount paid in settlement, and a judgment should have been entered for this amount, and no more, together with the costs of the proceedings up to the time of the tender.

Judgment is reversed and cause is remanded, with directions so to do.