## Getaz et al. v. Eversole et al.

(Decided May 2, 1930.)

MOORE & SMITH for appellants.

W. C. EVERSOLE and J. K. P. TURNER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

John R. Combs recovered a judgment against Logan Combs adjudging him the owner of 225 acres of land in Perry county; but before the judgment was executed J. R. Combs died. Logan Combs, who remained in possession of the land, bought out Emily Combs, one of the eleven children of John R. Combs. The other ten children employed Eversole and Turner as their attorneys to bring a suit against Logan Combs for a division of the land. The suit was filed on July 17, 1919. Logan Combs filed answer setting up that the land all belonged to him, and on his motion an order of survey was entered to locate certain patents. The survey took about a week, and one of the plaintiff's attorneys went with the surveyor to secure a proper location of the patents. The

Kentucky and West Virginia Power Company claimed to have acquired an easement over the land, so an amended petition was filed to obtain an injunction against that company. This phase of the case was later settled. After the surveyor had filed his report of survey, and before anything further was done, Logan Combs died. An order of revivor was then obtained by Eversole and Turner. The heirs were numerous and scattered, and it took some time and trouble to get them all before the court. About this time the plaintiffs in the action and the heirs of Logan Combs reached an agreement between themselves, under which they sold the land to James L. Getaz for $8,000. The told Getaz that the fee of Eversole and Turner was $100, and he kept back $100 of the consideration to pay them. They refused to accept the $100 in full of their fee, and brought this action to recover a fee of $1,500, asserting a lien on the land. On final hearing the circuit court fixed the fee at $500, and adjudged them a lien on the land. The defendants appeal insisting: 1. That Eversole and Turner have no lien on the land. 2. That only $100 should have been allowed.

By Section 107, Kentucky Statutes, attorneys at law shall have a lien upon all claims or demands put into their hands for suit or collection, or upon which suit has been instituted for the amount of the fee, if agreed upon, or, in the absence of such agreement, for a reasonable fee for the services rendered. Under this statute it has been held steadily that the lien applies to property as well as money, and where the suit is for land, the attorneys, if successful, are entitled to a reasonable fee with a lien on the land. McIntosh v. Bach, 110 Ky. 701, 62 S. W. 515, 23 Ky. Law Rep. 74; Sears v. Collie, 148 Ky. 444, 146 S. W. 1117; Gray v. Graziani, 165 Ky. 771, 178 S. W. 1070. The rule is also well settled that if after the suit is filed the defendant settles with the plaintiff, by paying him money, the attorney may recover his fee. Newport Rolling Mill Co. v. Hall, 147 Ky. 598, 144 S. W. 760; Louisville Railway Co. v. Burke, 149 Ky. 437, 149 S. W. 865.

While the proof for the defendants is to the effect that Eversole and Turner agreed to bring the suit for a fee of $100, Eversole and Turner testify that there was no agreement as to the amount of the fee. The fact is that five of the sons of John R. Combs had gone on the land by force, and had had a shooting scrape there with

Logan Combs. Logan Combs had sued them for trespass. Eversole and Turner say that the $100 fee was for defending this suit. While the proof is very conflicting, the court cannot say that the judgment of the circuit court is against the evidence. The attorneys had a great deal of work to do in getting the patents and having them properly located, and, in view of the price for which the land was sold, by agreement, the court is unwilling to disturb the judgment of the circuit court as to the amount of a reasonable fee. The proof shows that a very bad condition existed. The parties were at daggers points and, in view of the peculiar conditions, some weight must be given the judgment of the circuit judge who was on the ground and knew conditions. While the fee paid in the suit brought by John R. Combs against Logan Combs was only $200, the land was chiefly valuable for timber and coal; a railroad was afterwards built to it, and, when Getaz bought it, its market value was four times what it was before the railroad was built. Getaz, the purchaser of the land, had notice when he bought that Eversole and Turner were unpaid and retained only $100 to pay them, without learning from them what the amount of their fee was.

Judgment affirmed.