# Jellico Coal Mining Co. et al. v. Pope et al.

Nov. 24, 1942.

Stephens & Steely for appellants.

R. L. Pope and C. B. Upton for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

T. S. Robinson entered into a contract with the appellees, R. L. Pope and C. B. Upton, to represent him in a claim for damages against the appellants, Jellico Coal Mining Company and its foreman, Eugene Steele. The claim was based upon alleged injuries received by Robinson while working for the Company. The appellees were to get 50 per cent of whatever amount was realized upon the claim and it was further agreed that the claim or suit was not to be compromised or settled without the advice and consent of all the parties. Suit was filed for Robinson, the outcome of which was a judgment in his favor for $1,375. The judgment was entered on May 28, 1941. A motion for a new trial was filed on May 29th, but was not acted upon before that term of court ended. On August 12th, Robinson and an official of the Company, without the knowledge or consent of counsel for either of the parties, entered into the following agreement:

"1. The defendants hereby agree to pay and same has this day been paid, the sum of $200.00 in cash, the receipt of which is hereby acknowledged.

"2. The defendants, Jellico Coal Mining Company, hereby agrees to employ the plaintiff as a machine man in its mines at Mt. Ash, Kentucky, and such employment to continue as long as his work is satisfactory and the said company has such employment available, but by reason of such re-employment same is not to be considered of any cash value in this settlement.

"3. It is further agreed that the motion and grounds for a new trial now pending in this case, shall be sustained when court convenes at the September term and an order entered herein dismissing this case settled at the costs of the defendant, Jellico Coal Mining Company."

At the succeeding term of court the Company filed a copy of the settlement and urged that its motion for a new trial be sustained and the cause dismissed. The appellees interposed vigorous objections, and, on October 27th, the trial court overruled the motion for a new trial. The appellees then filed an intervening petition, wherein they sought to collect the sum of $687.50, being one-

half of the judgment of $1,375 in favor of Robinson. The second paragraph of the answer of the Company and Steele set forth that the settlement with Robinson had been made in good faith and that the judgment for $1,-375, for what they termed slight injuries, was grossly excessive and that they believed that they had an excellent chance of reversing the judgment on appeal. A demurrer to this paragraph of the answer was sustained, and upon the failure of the appellants to plead further judgment was entered in favor of the appellees for the amount claimed. Robinson is not here, so we are concerned only with the dispute between the Company and Steele and Pope and Upton.

The grounds urged for reversal are that (1) the trial court erred in overruling the motion for a new trial; and (2) a settlement made while a judgment was suspended by the motion for a new trial entitles an attorney's fee to be based upon a settlement and not upon the amount of the judgment.

It was pointed out in the case of Proctor Coal Co. v. Tye & Denham, 123 Ky. 381, 96 S. W. 512, 29 Ky. Law Rep. 804, that, where parties to an action settle without the knowledge and consent of the plaintiff's attorney, the attorney may either institute an independent action against the defendant to recover his fee, or proceed against him by pleading filed in the original action if the same is pending. It was proper, therefore, for the trial court to permit Pope and Upton to interplead in the original action.

We have noted that the contract provided that the claim could not be settled without the consent of all the parties. While this part of the contract is void, Newport Rolling Mill Company v. Hall, 147 Ky. 598, 144 S. W. 760; Louisville Railway Co. v. Burke, 149 Ky. 437, 149 S. W. 865, there still remains the valid provision as to the payment of 50 per cent to the attorneys of any amount collected.

The appellees were attorneys of record and the appellants therefore had notice of their lien, as provided in KRS 30.200 (KS 107). The settlement agreement entered into between Robinson and the Company shows that it was made in satisfaction of the suspended judgment. Not only did Robinson receive $200, but he received something else which, obviously, he and the appel-

lants considered something of value; namely, his employment as a machine man for as long as his work was satisfactory and the Company had such work. True it is that the agreement sets forth that the re-employment was not to be considered of any cash value in the settlement; but, nevertheless, the parties agreed on this item and the $200 as full satisfaction of the judgment, aside from Robinson's agreement that the motion and grounds be sustained and his action dismissed as settled. The Company was confronted by a money judgment of $1,375. It could have appealed to this Court from that judgment, or it could have satisfied it. Clearly, the agreed settlement was entered into by the parties as a full satisfaction of the judgment. We are not confronted, therefore, with a case where a judgment for a specified amount was settled by the payment of a lesser amount. Under these circumstances the trial court properly overruled the motion and grounds for a new trial and permitted Pope and Upton to interplead.

The appellants insist that this case is different from Chreste v. Louisville R. Co., 167 Ky. 75, 180 S. W. 49, L. R. A. 1917B, 1123, Ann. Cas. 1917C, 867, wherein it was held that a judgment debtor who settles with the judgment creditor in the absence of the creditor's attorney for an amount less than the amount of the judgment does so at his peril, because in that case the motion for a new trial had been overruled, while here it was still pending, thereby suspending the judgment. Nevertheless, there had been a judgment rendered in favor of Robinson, and, as we have noted heretofore, there were various elements in the settlement agreement which, we think, were considered by the parties as constituting a full satisfaction of the judgment. While it may be contended that those considerations are more or less intangible, and therefore not measurable in terms of dollars and cents, they were tangible and measurable enough to cause the Company to agree to them in order to get away from the judgment for $1,375.

We are not particularly impressed with the contention that the settlement was made in good faith. Its contents, the time of its making and the fact that it was made without the knowledge of Pope and Upton point otherwise. Its third provision under which Robinson agreed that the motion for a new trial be sustained and his action dismissed shows an effort was being made to

have the case settled while the judgment was suspended.

It is said in 7 C. J. S., Attorney and Client, Section 231, p. 1181, that a settlement made without the consent of an attorney will not be permitted to affect the existing lien of such an attorney, and that the defendant who settles with the plaintiff, without his attorney's knowledge, does so at his own risk as to the attorney's lien, especially, where a cause of action actually existed between the parties to the cause and there was notice of the attorney's lien. Here the appellants had notice that Pope and Upton were representing Robinson and a cause of action was in actual existence between the parties at the time the settlement was made. See 5 Am. Jur., Section 204, p. 384, in support of the proposition that, where a judgment has not become final, as where an appeal, or a motion for a new trial is pending, the amount of the settlement and not the amount of the judgment controls, as a general rule. The case of Nichols v. Orr, 63 Colo. 333, 166 P. 561, 2 A. L. R. 449, is cited in support of that proposition. There the plaintiff settled a $4,250 judgment while an appeal was pending, under an arrangement whereby he was to receive $750 and $750 was to be paid to his attorney. But it has been pointed out that we interpret the agreement in the case before us as one made in full satisfaction of the judgment, because of the peculiar nature of the items involved, so it is unnecessary for us to determine at this time whether we will make a distinction between a settlement which has been made by plaintiff, without the knowledge of his attorney, before a motion for a new trial has been acted upon as against one made after such a motion has been overruled.

Judgment affirmed.