J.udge Ewing
delivered the Opinion of the Court.
George Roberts, as the survivor of Roberts, and Rudd., brought an action of debt against Presley Wilhite, on a penal bond for four hundred dollars, to 'which the follow-: ing condition is attached:—
“The condition of the above obligation is such that “ whereas the above named Roberts and Rudd, as my “ attorneys, have, for me, commenced ap action of eject, “ ment in the.NeJ.son Circuit Court, on the demise of my “ wife, Betsey Wilhite, formerly Pebaneaux, formerly. “ Roberts, for lot No. situate in Bardstown, against “ the tenant then in possession. Now, if the said Rudd “ and Roberts shall succeed in recovering possession of “. said lot of ground, on the demise aforesaid, then I oblige “ myself to pay them to the amount of one half of the “ value of the above mentioned ground.”
The declaration, in reciting the condition of the bond, in attempting to set it out verbatim, alleges that “Roberts and Rudd, as attorneys of said defendant, had commen? ced an action of ejectment in the Nelson Circuit Court, ,.on the demise of said defendant, and his wife Betsey Wil-. hite &c.”
The defendant craved oyer of the bond and condition, and demurred for the variance. Elis demurrer was overruled by the Court, and this is the first error assigned.
The variance is certainly fatal; and it was proper to take advantage of fit by demurrer. A covenant to pros-, ecute a suit on the demise of Betsey Wilhite, is certainly yariant from a covenant to prosecute a suit on the demise, of Presley Wilhite and Betsey Wilhite his wife. And we are satisfied that the variance is so material, as to he. fatal on demurrer. 1 Chitty's Pis. 307,439.
A client gives his lawyer a bond reciting that the lawyer had commenced an eject, for him, & bind-j ing himself to pay the lawyer, tin case of sucicess, to the amount of half the value of tha land: this is not a contract prohibited by the act ag’st champerty of1824:the contracts within that act ave contracts to undertake- to recover &c. for part or profit, on,t of the thing in contest,
The defendant, after his demurrer was overruled, filed the following plea: “that said Roberts and Rudd, at the “ time of the date of said covenant, had commenced, “ and were prosecuting, a suit in ejectment, on the de- “ mise of plaintiff’s wife &c. for a lot of ground, and “ that, contrary to the law of the land against champerty “ and maintenance, it was illegally agreed.between the. “ said Roberts and Rudd on the one part, and the de-, ti fendant on the other, that the said defendant should: “ give and convey one half of said lot of ground to said £.£ Roberts and Rudd, for their services in prosecuting ££ said suit, and that said obligation was procured, by the “ said Roberts and Rudd, as a security for the performance “ by the said defendant, of said illegal agreement, and ££ was taken in the form in which it is written, fraudulently, £.£ for the purpose of evading the force of the law against “ champerty and maintenance, and that the same was given “ without any other- consideration: and this he is ready “ to verify.”
To this plea a demurrer was filed by the plaintiff, and joined, and the demurrer sustained by the Court. And the most important question arising on the record, is as to the sufficiency of this plea to bar the plaintiff’s ac-: tion. -
It is provided in the second section of the act “to, revive and amend the champerty and maintenance law” (Stat. Laio, 2,86) that “It shall not be lawful for any person or persons to contract, or to undertake to recover, “ or carry on any suit for the recovery, of any such pre- “ tended right or title to land as aforesaid, of which ad- “ verse possession is held under conflicting title asaforc- £-£ said, for or in consideration to have part or profit thcre- “ of; and the parties to such contract shall forfeit all “ x'ight, title, interest or claim in or to the land claimed, £.£ under such pretended right o.r title, and all right to, “ maintain any action, ox: suit at law or equity, upon such “ pretended right or title; and such right or title shall- “ vest in the Commonwealth, and exxure to the benefit “ of the pex'son in possession, without office found.”
We have no idea, that the bond sued on, coutaixxs aixy stipulation, oi\ its face* in coxxflict with the provisions of *174 the foregoing section. It is as competent for a litigant to regulate the amount of his attorney’s fee, by the value or half the value of the property in contest, as to regulate it by the value, or half the value, of any other piece of property.
Champerty —tho_ worst species of maintenance—is an offence at com mon law, prohibited also, under heavy penalties,' by various statutes, which the courts vigilantly enforce; they also, declare all champerty contracts void. If any part of the consideration or subject matter of á contract was in violation of those statutes, the entire contract is void: for tho’ a contract containipg some things ^ontrary to the common law, ¿iay be enforced, is'o far as its stipulations are legal, one made §>r or about any ihiag prohibited by statute, is void in toto.— So—
Where it appeared by the recital in an indemnity bond, taken by a sheriff from his, deputy, that there had been a 'sale of the office, contrary to a slat ute, it was held thatthebondwas inoperative. — 4 Bibb, 506. Contracts in writing cannot, in general, be con-, tradicted, or varied, by parol proof; but whera it is alleged, that a writing, fair & legal upon its face, was founded upon, and intended to secure, an illegal agreetnent—asacham pertous, or usurious contract, &c. such allegation may be pleaded and proved, and constitute a bar to any suit upon the writing.
*174 Whether he regulates it by the one or the other, or agrees to pay a contingent fee in money, agreed upon by the parties at the time, he is not subject to the denunciations of the statute,—-provided he is not to give a part or profit out of the thing in contest.
But champerty is the most odious species of main?: tenance, an,d. was an offence at common law,' and has been denounced by various highly penal statutes, in. aid of the common law. It always has been regarded as, an offence agáinst the peace of society, the administration of impartial justice, and tending to the encouragement of litigation and the oppression of the weak. And the courts have been uniformly vigilant, where the peace and quietude and justice of the country are re-? garded, not only in enforcing their penalties, but in declaring void all contracts made in derogation of their provisions. If the contract contained any stipulation on its face in derogation of their provisions, we should find no difficulty in treating it. as a nullity, and refusing all aid from the law and the Courts in enforcing it, or any stipulation in it howeyer lawful. It is laid down in. Chitty on Contracts, 229, «.that if any part of the consid- “ eration or subject matter of a contract, be contrary to a « statute, the whole shall be invalid; but that if only a “ portion of an agreement be contrary to the common “ law, the invalid part, if it can be separated from the “ rest, shall be rejected, and the remainder of the con- “ tract shall be established. A statute is like a tyrant, “ when he comes he makes all void.” And in the case of Bartlett v. Finer, Carth. 252, Holt C. J. observed “ev- « ery contract made for about or any matter or thing “ which is prohibited and made unlawful by any static ute, is a void contract.” And in the case of Love v. Buckner, 4 Bibb, 506—7, in which a suit was brought by the sheriíf against his deputy, on his bond of indemnity to his principal, the Court decided that, inasmuch *175 ás it appeared by a recital in the condition of said bond, that the deputation of the office had been sold by Love to Buckner, that the plaintiff could not recover upon said bond, for the failure of the deputy in discharging his d'tity as such-, whereby the principal was damnified. Because the sale of the office was expressly interdicted by the statute.
Whenever aeon' tract is tinctured with illegality or fraud, that fact may be shown .by parol proof—however high or solemn the instrument by which the contract is evidenced.
But there being no stipulation or recital in this bond, evidencing a violation of the statute Of champerty, the question occurs, if there be a secret agreement between the parties, whereby the plaintiff was to receive part or profit of the property in contest, and the written contract was based upon it, and fraudulently exacted as a penalty or security to enforce a compliance with its illegal terms, whether this secret contract can be averred and proved, and if so, will such averment and proof invalidate the wi’itten contract?
We can perceive no principle of reason or law that inhibits the averment and proof. Though it be a general rule that nothing can be averred and proved against the stipulations of a written contract, this rule does not apply where the contract is illegal, or against the positive prohibitions of a penal statute. Hence in 'the case of usury, though a contract in writing be fair on its face, or import a consideration or contract perfectly legal, the real transaction may be averred and proved, by pa-rid téstimony.
No instrument is so sacred, when tinctured with illegality or fraud, as to raise it above the scrutiny of parol testimony; And indeed it would be highly impolitic that it should; for if this rule should prevail as applicable to illegal and vicious contacts, it would be an easy matter to place all contracts, however illegal or vicious, above the reach of the law.
It would only be necessary for the parties, as is alleged in the case before the Court, to have a secret, illegal understanding, and to introduce into a written contract, fair upon its face, stipulations that are legal, but highly penal, as a means to enforce a compliance with the terms of the secret illegal bargain. .The arm of the law is not so short as to permit such evasions.
A penal bond secured the payment &e. provi* ded the possession of certain lots was recovered: the money was due, not when the judgment was recovered, but when the possession was obtained, & bore interest from that time, instructions that interest was to be allowed from the date of the judgment, are erroneous.
If, therefore; any illegal stipulation against the inhibitions of a statute, found in a written contract, or á haré rtcital in the same, indicating that the contract had its origin in an illegal bargain in violation of some statute; be sufficient to nullify the whole contract, and to ihduce the law to withhold all remedy upon it, or upon any stipulation in it, however legal; and if it bé competed t to aver and prove by parol; matters but Of the written contract, it is clear1 that, whenever it shall bé averred and proved; that thé written contract had its origin in, and was based upon, a secret agreement ill violation of a statute, and was intended to enforce a compliance with the secret illegal agreement, that the written contract in all its parts is void, and should receive no aid from the law in its enforcement;
It follows that, the facts alleged iii the plea, if timé; are a good bar to the plaintiff’s action, and the demurrer should have been overruled;
The Court also erred in instructing the jury, in thé progress of the cause, that they should give interest upon half the value of the lot from the time judgment was recovered.
The .precedent condition upon which the plaintiff’s right to the money depended, was, by the terms of the agreement, the recovery of possession, and the money was not due before the possession was obtained. And, of course, no interest should have been allowed until after the principal became due and payable.
The recovery of possession$ and the recovery of a judgment. for the possession, do not mean the same thing; A judgment for possession may he had, and may be reversed, and possession, the material object of the suit, never obtained. And it cannot be inferred from the terms of the covenant, nor is it to be presumed, that the defendant intended to pay so large a contingent fee for a naked judgment, without obtaining the beneficial object of the suit.
And it is evident, that the draftsman of the declaration placed this construction upon the condition of the bond, by averring that the defendant and his wife had been put into the peaceable possession of -the lot, under the judgment.
*177 It is therefore considered by the Court, that the judgment of the Circuit Court be reversed, and the cause remanded, that a judgment may be rendered in favor of the defendant on his- demurrer to the declaration, unless the defendant shall ask leave to amend, and that such other proceedings be had as are not inconsistent with the principles above settled.