*Turner* for plaintiff; *Caperton* for defendants.

Swan, &c.
vs
Chandler and Phillips.

---

## Swan, &c. *vs* Chandler and Phillips.

### Appeal from the Marion Circuit.

Pet. & Sum.

Case 24.

*Contracts. Consideration. Compounding felonies.*

Judge Simpson delivered the opinion of the Court.

December 18.

The appellants executed their promissory note to A. Lanham, for one hundred and four dollars, payable three

Case stated.

months after date. Lanham assigned it to the appellees, who brought suit thereon by petition and summons.

The appellants filed a plea, alledging in substance, that a prosecution had been commenced against the appellant, Swan, on a charge of having feloniously bitten off a portion of Lanham's ear; and for the purpose of stopping that prosecution, on an agreement to compound the proceedings for the supposed felony, the note sued on was executed, and for no other consideration.

Issue having been taken on that plea, and the jury having found a verdict for the plaintiffs, a motion for a new trial by the appellants was overruled and judgment rendered against them for the amount of the note.

A note given in consideration that payee would stop a prosecution for a supposed felony, instituted against him, and not appear as a witness against him, is not binding.

The evidence conclusively establishes the existance of a criminal proceeding against Swan on the alledged charge; the agreement of the parties for the payment by Swan, of one hundred and fifty dollars to Lanham, who in consideration thereof, agreed to stop said criminal proceeding, binding himself not to appear at any future time, as a witness against Swan; and the execution of the note sued on for part of the one hundred and fifty dollars, the residue having been paid.

If any part of the consideration of a promise be vicious and illegal either at common law or by statute, the whole agreement is void; any contract to impede the due execution of public justice is illegal. It is against public policy to permit individuals to settle and adjust offences, the punishment of which is deemed essential to the public welfare: (Chitty on Contracts, 673.)

Whether the private injury, for which Lanham had a right to a civil action against Swan, was also embraced by the agreement, is not, in our opinion, material. The doctrine is well settled, that if any part of an entire consideration be vicious and illegal, either at common law or by statute, the whole agreement is void: (Chitty on Contracts, 692; 3 Bibb, 500; 6 Dana, 91.)

Whether, therefore, the right of Lanham to redress for the personal injury he sustained, did or not, form one of the elements of the contract between the parties, and constituted a portion of the consideration of the note sued on, is unimportant, if the other object contemplated by them, and which evidently formed the chief inducement to the agreement, was illegal.

Any contract to impede the due course of public justice is illegal. It is against public policy to permit indi-

viduals to settle and adjust offences of a criminal na-
ture, the punishment of which is deemed essential to the
general welfare.   The effect of such contracts, is to en-
courage the commission of crime, and the law denoun-
ces them as impolitic and illegal: (*Chitty on Contracts,*
673.)   The same author states that "perhaps an agree-
ment to make the prosecutor of an indictment for a
misdemeanor, or, peculiarly of a private nature, and
occasioning a private injury, (as for an assault,) a rea-
sonable satisfaction in consideration of proceedings be-
ing stayed, may not be illegal;" and refers to some de-
cisions in support of this proposition.   If, however, this
doctrine should be allowed to prevail here, to the full
extent intimated, it would have no application to the
present case, inasmuch as the proceedings against Swan
were not merely for a misdemeanor, but for an offence
made felony by the statute.

The Court, at the instance of the plaintiffs, instruct-
ed the jury, that the written agreement of the parties,
and the satisfaction made, would bar Lanham from
bringing any action against Swan for damages for a per-
sonal injury.   The instruction was improperly given
for two reasons: First. It was wholly irrelevant to the
issue, and calculated not to enable the jury to arrive at
a proper conclusion in their deliberations, but to exer-
cise an improper influence on their minds in determin-
ing the law and the facts of the case.   And, secondly.
The effect of the agreement, if it does include in its pro-
visions both the public wrong and the private injury, is-
not such as the instruction ascribes to it.   The promise
is entire; it is not, in its nature, capable of separation;
it is founded on an entire consideration, which cannot
be apportioned; the whole contract and agreement of
the parties is, therefore, illegal, and no part of it can-
be enforced by either party.

The verdict of the jury is, therefore, in direct oppo-
sition to the evidence, and palpably wrong.   On this
ground, and also for the improper instruction to the
jury by the Court as aforesaid, a new trial should have
been awarded.

It is error for the
Court to instruct
the jury upon a
question which
is irrelevant to
the issue, or
where the prin-
ciple assumed
by the Court is
not law.

Jᴏʜɴ ᴏɴ Jᴀᴄᴋ
        ᴠs
Mᴏʀᴇᴍᴀɴ, &ᴄ.

Wherefore, the judgment is reversed and cause remanded for a new trial and further proceedings in conformity with this opinion.

*Shuck* for appellants; *Rountree and Fogle* for appellees.