### DANIEL JAMES *vs.* CHARLES L. STEERE *et al.*

A., acting under the advice of B. an attorney at law and his counsel, gave to B. a voluntary deed of trust for A.'s children. The deed contained no power of revocation, was given to force an advantageous agreement of separation with A.'s wife, and was made when A. had been sick and nervously excited.

It appearing that B.'s language led A. to believe that B. could reconvey to A., that A. and his wife had been reconciled, and that B. had made a mortgage of the property:

*Held*, that A. was entitled to have the deed avoided so far as it could be, saving the rights of the mortgagee.

This avoidance was required both by the relations of A. to B. and by public policy.

BILL IN EQUITY to set aside a deed of realty. Heard on bill, answers, and proofs.

*December* 6, 1888. PER CURIAM. The court is of the opinion that the deed from Daniel James to Charles L. Steere, mentioned in the bill, should be avoided, so far as it can be without affecting the mortgage given by said Steere to the Jackson Institution for Savings. The deed was a voluntary deed given to Steere as trustee for the complainant's children and contains no power of revocation. When it was given, Steere was acting for the complainant as his counsel, and we think the evidence shows that the complainant understood from the language used by Steere in his conferences with him, that under it Steere had power to reconvey the property when the purpose for which the deed was principally given had been accomplished. This being so the complainant is entitled to a reconveyance, whether he was intentionally misled

by Steere or not, since it was Steere's duty to see to it that he did not act under any misapprehension.

It appears from the evidence that the moving purpose which led to the making of the deed was to coerce the wife of the complainant to a separation from him upon some terms which would be more advantageous than he could obtain if the property apparently remained his. It is urged that this being the purpose the deed was against public policy, and that the court should leave the parties in the predicament in which they have placed themselves. A court of equity, however, does not always refuse to relieve when the transaction is against public policy, since it may likewise be public policy that the transaction should be avoided. The bill states and the evidence shows that the complainant and his wife have come together again and are now living happily as husband and wife. It is in our opinion in concurrence with public policy in that it is for the good of the wife as well as of the husband that the property should be restored.

Moreover we think that the parties cannot be regarded as in *pari delicto.* It appears that the complainant had been sick, troubled, and under nervous excitement for a considerable time, and that the deed was made, not by his own suggestion, but while he was acting under the advice of the defendant as his counsel. 1 Story Eq. Juris. §§ 298, 300 ; *Foley* v. *Greene,* 14 R. I. 618.