## Newport Rolling Mill Company v. Hall.

(Decided March 16, 1912.)

## Appeal from Campbell Circuit Court.

1. Attorneys—Lien for Fee—Validity of Contracts.—Under section 107 of the Kentucky Statutes, attorneys at law have a lien upon all claims or demands, including those for unliquidated damages, put into their hands for suit or collection; and a contract for an amount equal to one-half of the recovery is not champertous or against public policy.

2. Attorneys—Liablity of Adverse Party for Fee.—If a claim for damages or other thing is placed in the hands of an attorney for suit or collection under a contract by which he is to receive a part of the recovery, if the adverse party with notice of the employment of the attorney settles the claim by the payment to the client of money or other thing of value without the consent of the attorney, he will be liable to the attorney for the amount of the agreed fee, and the attorney may bring an action against him to recover it.

3. Attorneys—Contract for Fee—Validity of.—A clause in a contract, between an attorney and his client, providing that neither party shall settle the claim without the presence or consent of the other, is against public policy and void.

4. Attorneys—Contract—Part Good and Part Bad.—Where a contract between an attorney and his client is valid, except as to the clause prohibiting either from settling without the consent of the other, this clause may be stricken from the contract and the balance of it upheld.

5. Contracts—Part Good and Part Bad—Severability.—The general rule is that where the obnoxious feature of a contract can be eliminated without impairing its symmetry as a whole, the courts will be inclined to adopt this view as the one most likely to express the intention of the parties, but if the good and bad are so interwoven that they cannot be separated without altering or destroying the general meaning and purpose of the contract, the good must go with the bad and the whole contract be set aside.

FRANK V. BENTON for appellant.

NELSON & GALAGHER, ARTHUR C. HALL for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In October, 1909, one Henry Starks, as party of the first part, and Arthur C. Hall, an attorney at law, as party of the second part, entered into this contract:

"The party of the first part hereby employs party of the second part to prosecute and settle a claim for

damages growing out of personal injuries received by him on the 6th day of June, 1909, against the Newport Rolling Mill Company, of Newport, Ky.; said injuries being the result of the negligence of the servants and agents of the said company, and which resulted in the loss of both arms of party to first part; it is agreed between the parties hereto that the party of the second part shall receive for his services in the settlement of said claim, whether by suit, compromise or otherwise, a sum certain, equal to one-half of the amount recovered. Party of the second part is hereby authorized to institute suit on said claim against said company. Neither party hereto shall settle said claim without the presence or consent of the other.''

A few days after this contract was executed, Hall, as the attorney for Starks, brought a suit for damages in the Campbell Circuit Court against the appellant, Newport Rolling Mill Company. After the issues had been made up in this case, it went to trial in May, 1910, but for some reason not disclosed by the record the jury was discharged without making a verdict. Afterwards, and in October, 1910, officers of the appellant company, in connection with Frank V. Benton, its attorney, secretly and without the knowledge or consent of Hall, secured a settlement of the suit by the payment to Starks of $6,000.00. After this, Hall brought this action against the appellant company to recover from it $3,000.00 upon the ground that he was entitled to this amount under his contract with Starks and should recover it from the company as it settled with Starks with notice of his claim and lien. The petition, after setting out the substance of the foregoing facts, averred that:

"The defendant, Newport Rolling Mill Company, and said Henry Starks, without the knowledge or consent of this plaintiff, and for the purpose on the part of the defendant, Newport Rolling Mill Company, of defrauding this plaintiff and defeating him in a recovery of a fee for his services in said case; and of defeating him in his rights under the terms of said contract entered into an agreement whereby said case and all matters involved therein were settled.''

To this petition the appellant company filed a general demurrer, but did not tender or offer an answer or other pleading. Afterwards, the lower court overruled the demurrer, and upon the petition and depositions of

Starks and his wife the case was submitted and judgment entered in favor of Hall for $3,000.00.

It will be observed that the suit of Hall is founded on his contract with Starks, and the principal reason assigned for reversal is that the provision in the contract that "neither party hereto shall settle said claim without the presence or consent of the other" is against public policy and void, and that the vicious qualities of this clause rendered the entire contract non-enforcible.

Putting aside for the present a consideration of the questions arising on the effect of this clause in the contract, and treating the contract as if it did not contain this provision, we find no obstacle in the record that would prevent a recovery by Hall of the amount for which he obtained judgment. The validity of contracts like this, between attorney and client, are not obnoxious upon the grounds of public policy or as being in violation of the statute against champerty and maintenance. In Wilhite v. Roberts, 4 Dana, 172, the contract between Roberts & Rudd, attorneys, and Wilhite, the client, provided that if "Rudd and Roberts shall succeed in recovering possession of said lot of ground on the demise aforesaid, then I oblige myself to pay them to the amount of one-half of the value of the above mentioned ground." In response to the contention that this was a champertous and void contract, the court said:

"It is as competent for a litigant to regulate the amount of his attorney's fee by the value, or half the value, of the property in contest, as to regulate it by the value, or half the value, of any other piece of property. Whether he regulates it by one or the other, or agrees to pay a contingent fee in money agreed upon by the parties at the time, he is not subject to the denunciation of the statute (champerty); provided, he is is not to give a part or profit of the thing in contest." To the same effect is Ramsey v. Trent, 10 B. Mon., 336.

It is also well established by the decisions that when an attorney makes a valid contract with his client, by which he is to be paid a contingent fee in an amount equal to a specified part of the recovery, and the defendant or person against whom the claim is asserted, with notice of the contract of the attorney, and without his consent settles with his client, that the attorney may recover from him the amount of his contract fee. Upon

this point it was said in Proctor Coal Co., v. Tye & Denham, 123 Ky., 381:

"When an action is brought by attorneys on a claim or demand placed in their hands for collection, and it is settled by the parties without their knowledge or consent, the attorneys may either institute an independent action against the defendant to recover their fees, or they may proceed against them by a pleading filed in the original action if it be pending." To the same effect is L. & N. R. Co., v. Payton & Lewis, 20 Ky., L. R., 75.

But, aside from this, the right of Hall to recover is, we think, conclusively settled by Section 107 of the Kentucky Statutes, reading:

"Attorneys at law shall have a lien upon all claims or demands, including all claims for unliquidated damages put into their hands for suit or collection, or upon which suit has been instituted, for the amount of any fee which may have been agreed upon by the parties, or, in the absence of such agreement for a reasonable fee for the services of such attorneys; and if the action is prosecuted to a recovery, shall have a lien upon the judgment for money or property which may be recovered—legal costs excepted—for such fee; and if the records show the name of the attorney, the defendant in the action shall have notice of the lien; but if the parties before the judgment, in good faith, compromise or settle their differences, without the payment of money or other thing of value, the attorneys shall have no claim against the defendant for any part of his fee."

Under this statute, Hall had a lien upon the unliquidated claim for damages put into his hands for suit or collection for the amount of the fee agreed upon between himself and his client, Starks; and, as the record showed the name of Hall as attorney, the Rolling Mill Company had notice of his lien for the contract fee agreed upon. And when the appellant company settled with Starks by the payment to him of $6,000.00, it thereby became liable to Hall for the amount of his contract fee—in other words, for the amount to which Hall would have been entitled as between himself and Starks if the money paid in settlement of the claim had been paid to him.

Coming now to the question that the clause in the contract providing that "neither party hereto shall settle said claim without the presence or consent of the

other'' is against public policy and vitiates the entire contract, we have been furnished with authorities upon both sides of the question, which is a new one in this court. In support of the proposition that this clause rendered the entire contract void, counsel for appellant relies upon Snyder v. DeForest Wireless Tel. Co., 190 N. Y., 66, 14 L. R. A., n. s. 1101; Kansas City Elevat. R. Co., v. Rachael Service, Kansas, 14 L. R. A., n. s. 1105, Davis v. Weber, 66 Ark., 190, 74 Am. St. Rep., 81; and several other cases. On the other hand, counsel for appellee in support of the contention that this condition did not vitiate the entire contract, cites Weller v. Jersey City St. Ry. Co., 68 N. J., Eq., 659, 61 Atl. Rep., 459; Ft. Worth & D. C. R. Co. v. Carlock, 33 Texas Civil Appeals 202; Porter v. Ajax Mining Co., 22 Utah, 273; Lipscomb v. Adams, 193 Mo., 530; Barthell v. Chicago Ry. Co., 138 Iowa, 688; Mosely v. Jameson, 71 Miss., 456.

In the view we have of the law question presented, it does not seem necessary to extend this opinion by quotations from the cases referred to by counsel. We have no doubt that this provision in the contract was void, and that Hall could not prevent Starks from settling his claim in any way that he wished to settle it, or from accepting any valuable consideration in satisfaction therefor, or from settling it without any consideration. In other words, the uncontrolled right to settle his claim was in Starks. He had exactly the same right to settle it as he pleased as he would have had if no contract of employment had been entered into between himself and Hall. It would be manifestly against public policy to deny parties to litigation or contemplated litigation the right to settle their causes of action or defense upon terms satisfactory to themselves. And no contract that they may enter into, limiting or depriving them of this right can be sustained. We therefore have no difficulty in declaring that this provision in the contract was a nullity. This being so, the next question that arises is—did its vicious quality affect the entire contract and contaminate it to such an extent that no part of it was enforcible, or can this provision be eliminated and the remainder of the contract upheld. It is maintained by counsel for appellant, and there is authority to support it, that this stipulation vitiated the entire contract. While it is insisted for appellee that the contract is divisible, and that the obnoxious clause can

be stricken out and the remainder of the contract sustained, it is often quite difficult to determine whether a contract is severable or entire, and this question frequently arises in the construction of contracts, parts of which are valid and parts invalid. The general rule is that if the obnoxious feature of a contract can be eliminated, without impairing its symmetry as a whole, the courts will be inclined to adopt this view as the one most likely to express the intention of the parties; but if the good and bad are so interwoven that they cannot be separated without altering or destroying the general meaning and purpose of the contract, the good must go with the bad and the whole contract be set aside. In Smith v. Corbin, 135 Ky., 727, it is said:

"In other words, it is a well known rule of law that where there are contained in the same instrument distinct engagements or covenants, by which a party binds himself to do certain acts, some of which are legal and some illegal, the performance of those which are legal may be enforced, although the performance of those which are illegal may not."

In Brown v. Langford, 3 Bibb., 497, the court said:

"Where there is a condition or covenant to do several things, a part of which is against the common law and the rest lawful, the condition or covenant will be void as to so much as is unlawful, and good for the residue. But this does not hold where a part of the consideration is unlawful. There is no question but that a promise founded upon several considerations, one of which is vicious, is void; and the same principle requires that a covenant should be held to be so if the consideration be in part affected with turpitude." To the same effect is McLane v. Dixon, 30 Ky. Law Rep., 683; Averbeck v. Hall, 14 Bush, 505; Collins v. Merrell, 2 Met., 163; Swan v. Chandler, 8 B. Mon., 97.

We are disposed to the view that this contract may be treated as a severable one, and that the objectionable clause may be stricken from it without affecting the validity of the remainder of the contract. The clause in question does not particularly concern the consideration specified in the contract, and it is generally in reference to contracts in which a part of the consideration is illegal that the courts have ruled that the entire contract was tainted. Where a part of the consideration upon which the contract rests is vicious, the courts as may be

seen from the cases cited will not undertake to separate the good consideration from the bad, but will discard it as a whole. The substantial considerations that were the basis of the contract in question were the obligation upon the part of Hall to give his legal service to Sparks, and the agreement upon the part of Starks to pay for such services an amount equal to one-half of the recovery. These considerations were mutual and dependent one upon the other. The stipulation that neither should settle the claim without the presence of the other, had no material bearing upon the mutual agreements that constituted the consideration for the contract. But independent of this view of the severability of the contract, we think the statute before quoted should have a controlling influence in determining the validity of the contract, regardless of the obnoxious clause in it. The statute gave Hall a lien for one-half of the amount paid Starks, and out of this arose the right in Hall to enforce his lien under circumstances like those here presented by an action against appellant company. Under the statute all of the contract was valid except the clause denying to either the right to settle without the consent of the other; and we think this part of the contract may be put aside and the rights of Hall determined by the statute and so much of the contract as the statute authorized.

Wherefore, the judgment is affirmed.