## Deaver-Kennedy Company, et al. v. Cooper.

### (Decided October 22, 1920.)

### Appeal from Russell Circuit Court.

1. Trusts—Resulting Trusts.—By section 2353 of the statutes, resulting trusts are abolished except in favor of one furnishing the consideration where the vendee takes the deeds in his own name without the consent of the person paying the consideration or in violation of some trust.

2. Trusts—Resulting Trusts.—Evidence to establish such a trust must be clear and convincing and if wholly by parol should be received with great caution, especially to raise a trust between husband and wife.

3. Execution—Purchaser Under Execution Sale—Liens.—A purchaser under an execution sale of encumbered real property obtains only a lien upon same.

4. Execution—Sale of Property Under—Parties.—By subsection 5 of section 1709, Kentucky Statutes, courts of equity have control of all encumbered property sold under execution and power to secure the rights of all interested parties, and all such parties are necessary parties to a determining of the rights of the purchaser and other claimants of the property or interests therein.

J. H. STONE for appellants.

LILBURN PHELPS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In September, 1914, one, Luther Brockman, conveyed to M. W. Cooper, husband of appellee Mary J. Cooper, and appellant, J. L. Gaskins, about two acres of land upon which is situated a mill. At the June, 1915, term of the Russell circuit court, appellant Deaver-Kennedy Company recovered a judgment against M. W. Cooper for

$318.16 and costs. In due time an execution issued on this judgment, was levied by the sheriff upon Cooper's half interest in the two acre tract of land, and the same sold thereunder to appellant, J. L. Gaskins, who executed bond for the purchase money.

Mrs. Cooper then instituted this action against the Deaver-Kennedy Company, J. L. Gaskins and the sheriff to enjoin the collection of the sale bond from Gaskins and the conveyance of the land to him by the sheriff. To sustain her right to maintain the action, she alleges in her petition (1) that she furnished all the consideration for the property and that the deed was made to her husband without her consent, and (2) that she furnished the money with which to pay for the property upon agreement with her husband that the deed was to be made to her but that same was made to her husband by fraud or mistake.

By section 2353, Kentucky Statutes, resulting trusts in favor of one furnishing the consideration are abolished except where (a) the vendee takes the deed "in his own name without the consent of the person paying the consideration" or (b) "the grantee in violation of some trust shall have purchased the lands deeded with the effects of another person."

By the allegations of her petition Mrs. Cooper has brought her case within both of the above named exceptions to the statute abolishing resulting trusts.

The evidence to establish such a resulting trust may be parol but it must be clear and convincing and if wholly by parol it should be received with great caution, especially to raise a trust between husband and wife. May v. May, 161 Ky. 114; Foushe v. Foushe, 163 Ky. 524; Neel's Executor v. Noland's Heirs, 166 Ky. 455; Roche v. Roche, 188 Ky. 327; 39 Cyc. 166; Devlin on Real Estate, vol. 2, sec. 1183.

The only proof introduced by the plaintiff to sustain her case upon either ground alleged was gvien by herself and is as follows:

"Q. Did you furnish any money from your own personal estate towards the purchase of that mill property? A. Yes, sir. Q. How much? A. Eighteen hundred dollars. Q. At the time you furnished the $1,800.00 for the purchase of the mill property, what was your understanding as to how the deed was to be made? A. The deed was to be made to me. Q. Did you give your consent to the deed being made to your husband? A. No, sir.

Q. When did you first discover that the deed had not been made to you? A. Since this Deaver-Kennedy business come up. Q. Since the suit was brought? A. Yes, sir. Q. From whom did you inherit the money that you put into this mill property? A. From my grandfather, J. D. Irvin. Q. Was this your personal and individual estate? A. Yes, sir; I suppose it was."

That this evidence does not even approach the character of evidence required under the above authorities to raise a trust in behalf of the wife against her husband's creditors is at once apparent. The land was purchased by the husband of plaintiff from Brockman at a valuation of $4,700.00, the consideration therefor being a stock of merchandise owned by Mr. Cooper valued at $2,900.00 and a house and lot owned jointly by plaintiff and her husband valued at $1,800.00. Before the deed was executed by Brockman, Cooper sold a half interest in the property to Gaskins and at Cooper's request the deed was made by Brockman to Cooper and Gaskins jointly.

While Mrs. Cooper in her testimony states that she furnished her husband of the purchase price for this property $1,800.00 which she inherited from her grandfather, it clearly appears from the other evidence that what she contributed was an undivided interest in a house and lot, valued at $1,800.00 in the trade, which had been conveyed to her and her husband jointly by her grandfather, but upon what terms is not disclosed. From this evidence the chancellor found that of the $4,700.00 purchase money paid to Brockman, she furnished her husband $900.00, which in our judgment is correct. But even if we assume she furnished $1,800.00 and her husband the balance or $2,900.00 of the original purchase money, she does not show what became of whatever consideration Gaskins paid Cooper for the half interest Mrs. Cooper knew had been sold to him, and she may have been fully repaid all that she advanced, to buy the entire property out of the proceeds of the half sold to Gaskins.

Under this evidence it is not at all clear, or even probable in our judgment, that the half interest conveyed to her husband, which only is involved here, was bought with her money in whole or in part. Hence the mere fact she did not consent that the deed should be made to her husband was wholly insufficient to raise a trust in her behalf under the first exception mentioned in the statute. And even if there had been an agreement between her

and her husband that the deed should be made to her, of which there is no proof whatever since she only testified it was her understanding the deed was to be made to her, the evidence was likewise insufficient to raise a trust in her behalf under the second exception mentioned in the statute. Both exceptions are for the benefit of one who furnished the purchase money as only such a one has any equity in the land.

It results therefore that the chancellor erred in awarding Mrs. Cooper a lien upon the land superior to the execution lien of appellant Deaver-Kennedy Company, which should have been and upon a return of the case will be adjudged superior to any claim she may have against the remaining interest, if any, of her husband, who was not a party to the action, although named as such in the last amended petition filed by Mrs. Cooper, since he had not been served with process and did not enter his appearance. The court in the judgment appealed from expressly retained jurisdiction of the case for the purpose of determining the respective rights of Mr. and Mrs. Cooper when service was had upon him.

It also appears from the judgment, but not otherwise from the record, that the property is encumbered by a prior lien to that of appellant Deaver-Kennedy Company under its execution, in favor of others who are not parties to this action. This if true would render the sale ineffectual for any purpose except to confer a lien upon the purchaser. See section 1709, Kentucky Statutes, and authorities cited thereunder.

The purchaser at the execution sale was a defendant below and is an appellant here. He filed a separate answer asking that his rights be protected when it was finally determined whether or not the sale was valid. The record does not disclose the amount the property brought at the execution sale, but, although the schedule filed by appellant directed the clerk to copy the entire record and he certifies he has done so, this information must have been before the lower court because the judgment setting aside the sale was rested in part upon the inadequacy of the amount realized at the sale. Upon the present state of the record, therefore, we are unable to direct the judgment that shall be entered upon the return of the case, with reference to the sale, and the rights of the purchaser if any thereunder.

Subsection 5 of section 1709 of the statute provides, "Courts of equity shall have control of all encumbered

property sold under execution, and the power to make all needful orders for the preservation and forthcoming of the property, and its issues and profits, to satisfy the encumbrance, and to secure the rights of others.''

It is therefore apparent that to a complete adjudication of the matters involved in this action, Mr. Cooper and the owner or owners of the prior encumbrances, if any, were necessary parties, and upon the return of the case they should be brought in and the rights of all parties in interest adjudicated, except as herein disposed of.

Wherefore the judgment is reversed for further proceedings consistent herewith.