### Manning v. Edwards, et al.

(Decided October 21, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1. Attorney and Client—That Debtor has no Property in State, or that his Agent Violated Instructions in Paying Claim to Creditor, Immaterial as to Attorney's Rights to Lien.—That debtor, who settles with creditor without consent of latter's attorney, has no property in state is wholly immaterial, under Ky. Stats., section 107, as to lien, and it is also immaterial that agent who made settlement violated his instructions in paying whole claim to creditor.

2. **Attorney and Client—Contract to Pay Attorney Per Cent of Amount Recovered Valid.**—Contract by wife to pay to attorney fee equal to certain per cent. of amount recovered from husband upon separation held valid and not against public policy.

J. S. LUSCHER for appellant.

WALTER P. LINCOLN and EDWARDS, OGDEN & PEAK for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Henry S. Manning and Mary L. Manning were husband and wife. Being unable to adjust their marital difficulties, they decided to separate, and Edwards, Ogden & Peak, a law firm, were employed by Mrs. Manning to procure a settlement of her property rights, either by compromise or suit, and she agreed to pay them for their services a fee equal to 10% of the amount recovered. The negotiations resulted in a written contract by which H. S. Manning agreed to pay his wife the sum of $10,000.00, and a few articles of personal property in settlement of her claim. Thereafter, without the knowledge or consent of Mrs. Manning's attorneys, Manning, who knew of their employment and was advised of the fact that they were to receive a fee of $1,000.00, paid the entire sum to his wife.

Pleading the foregoing facts, the attorneys brought this suit to recover from Manning the amount of their fee. Manning's defense as presented by his answer and amendments was in substance as follows: At the time of the settlement he had no property in the state of Kentucky, but was the heir of his father and mother, who had died in New York, and of his grandmother, who had died in Pennsylvania, and their estates were in the process of settlement. Shortly after the settlement his wife went to New York and there brought suit against him to recover the sum of $10,000.00, together with other property. At that time Lloyd L. Osborn, a New York attorney, represented him in the settlement of the estates of his father and mother and grandmother. He instructed Osborn to settle the New York suit by paying his wife the sum of $10,000.00, less $1,000.00, and no more. Contrary to his instructions, and in violation of his rights, Osborn paid his wife the sum of $12,800.00, which he collected from the estates. A demurrer was sustained to the answer and amendments, and Manning having declined to plead

further, judgment was rendered in favor of plaintiffs, and Manning has appealed.

Section 107, Kentucky Statutes, is as follows:

"Attorneys at law shall have a lien upon all claims or demands, including all claims for unliquidated damages put into their hands for suit or collection, or upon which suit has been instituted, for the amount of any fee which may have been agreed upon by the parties, or, in the absence of such agreement, for a reasonable fee for the services of such attorneys; and if the action is prosecuted to a recovery, shall have a lien upon the judgment for money or property which may be recovered—legal costs excepted—for such fee; and if the records show the name of the attorney, the defendant in the action shall have notice of the lien; but if the parties before judgment, in good faith, compromise or settle their differences without the payment of money or other thing of value, the attorneys shall have no claim against the defendant for any part of his fee."

Construing this section we have held that where a person against whom a claim is asserted has notice of the employment of an attorney by the claimant, and of the contract by which the attorney is to receive a fee equal to a certain per cent of the amount of recovery, a settlement with the claimant without the consent of the attorney will render him liable to the attorney for the amount of his contract fee. Newport Rolling Mill Co. v. Hall, 147 Ky. 598, 144 S. W. 760. That the person against whom the claim is asserted has no property in this state is wholly immaterial. The lien is on the claim itself, and if, with knowledge of all the facts, he pays the client without the consent of the client's attorney he remains liable for the agreed fee. Since the liability results from the settlement with the client without the consent of the latter's attorneys, it is likewise immaterial that the agent who made the settlement exceeded or violated his instructions, as that is a matter which concerns only him and his principal.

Another contention is that the contract for the fee was void as against public policy. We have uniformly ruled that a contract to pay a fee equal to a certain per cent of the amount recovered is valid, and the contract in question is of that kind. Evans v. Bell, 6 Dana 479.

Judgment affirmed.