## Overstreet v. Barr.

(Decided June 19, 1934.)

BECKHAM OVERSTREET and O'NEAL & O'NEAL for appellant.

J. S. LUSCHER for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

Marital troubles between James H. Barr and Bertha Barr, his wife, running through a course of years, culminated in an action for divorce and alimony filed by her in January, 1931; however, after that action was filed, a reconciliation was effected which proved to be short lived. Because of this reconciliation the action was dismissed and another of like character was filed by Mrs. Barr on March 21, 1931. The husband paid to Mr. Beckham Overstreet, who represented Mrs. Barr in both of the actions, $100 covering his fee for services in connection with the first suit. On March 26, 1931, Mrs. Barr and her attorney entered into the following contract respecting the fee in the last case:

"This agreement made and entered into by and

between Bertha Barr, a party of the first part and Beckham Overstreet, party of the second part,

"Whereas the plaintiff is filing and has filed a suit for divorce against her husband and in said suit she has presented a claim for the recovery of money and property, and

"Whereas it is now desirous to determine the fee to be paid the party of the second part or so much thereof as this plaintiff herself will be liable for, as it was understood before the suit was filed there would be an additional fee paid by the plaintiff in addition to the fee allowed and taxed in the cost and as part of the costs allowed the plaintiff's attorney, this, however, having no reference to the docket fee,

"Now therefore in consideration of the services of the party of the second part as attorney for the plaintiff in the prosecution of this action, he shall have in addition to the fee allowed by the court an amount equal to ten per cent [10%] of the amount recovered, whether in property or money.

"Given under our hands this the 26th day of March, 1931.

"Bertha Barr

"Party of the first part

"Beckham Overstreet

"Party of the second part."

On April 7, 1931, the parties to the action made a written agreement which was entered as an agreed order, under the terms of which the plaintiff, in consideration of a house and lot on Richmond drive in Louisville free from all incumbrances except taxes of the year 1931 which she assumed to pay, $30 per week alimony, and some personal property, released defendant from all claims of every character. It was further agreed that she have the care and custody of their child, Virginia Barr, with the right reserved to the defendant to see and have the child at reasonable times and places and that she pay the fees of her attorney and the costs of the action. There was also an agreement respecting the payment of some small accounts.

On April 9, 1931, the plaintiff executed and delivered to her attorney, Beckham Overstreet, a negotiable note for $825.85, $700 of which was to cover his fee

for services rendered in the action, and the balance representing sums which he had paid for plaintiff in the way of costs and taxes on the property. Thereafter and in due course and for a valuable consideration, Mr. Overstreet assigned the note to Robert Wulf; $124.08 was paid on the note as of date October 4, 1931, and thereafter, Mr. Wulf instituted an action in equity seeking to recover the balance due on the note. He alleged that the note was secured by a lien retained in the deed for the property on Richmond drive and asked that the lien be enforced.

In her answer Mrs. Barr denied that the note was secured by a lien or that a lien was retained upon the property in question to secure its payment. She also made some allegations with reference to the assignment and transfer of the note; however, they are not material, since it is now admitted that the note was duly negotiated to Wulf. She made her answer a cross-petition against Beckham Overstreet and by various paragraphs alleged in substance that the house and lot referred to in the agreement entered into between her and Mr. Barr was not worth more than $7,000 and was in her name and the name of her husband as tenants in common for life with the remainder in fee simple to the survivor; but that pursuant to the agreement it had been conveyed to her in fee simple; that at the time she executed the note she did not know, and Mr. Overstreet did not inform her, that, in the circumstances, her husband under the law would be required to pay her attorney for his services and the cost of the action; that Mr. Barr did pay her attorney $100 for legal services rendered in the action without her knowledge, and therefore the note, except as to the item of taxes included therein, was without any consideration. She further alleged in substance and effect that the note was procured through fraud, duress, and misrepresentation on part of the payee.

She prayed that plaintiff be adjudged to have no lien and that his petition be dismissed, but that if he be awarded judgment against her for any sum that she have judgment over against Beckham Overstreet for the amount recovered by plaintiff and that the note be canceled and held for nought.

The court sustained a motion to strike the cross-petition and likewise sustained a motion to strike from

the petition the allegations with reference to the lien, on the theory that it was not sufficiently disclosed in the deed that a lien was retained to secure the payment of the note in controversy. However, plaintiff was permitted to amend his petition in that respect and alleged that it was the understanding and agreement between the parties at the time the deed was executed to retain a lien to secure the note, but that by mutual mistake that intention of the parties was not clearly expressed in the deed and he asked that the deed be reformed accordingly.

The court then reconsidered the motion to strike the cross-petition and permitted it to be filed.

Without going into detail as to subsequent pleadings, orders, etc., we deem it sufficient to say that the issues as finally made by pleading narrowed down to two questions: (1) Whether the note sued upon was secured by a lien on the property described in the petition, and (2) whether Mrs. Barr was entitled to relief or recovery on the cross-petition.

A considerable volume of proof was taken on these issues, and on final hearing the plaintiff was given judgment for the amount of his note with interest subject to credit for the sum theretofore paid. It was further adjudged that the note was secured by a lien on the real estate described in the petition and that it be sold to satisfy the judgment.

On the cross-action the chancellor found the value of the house and lot on Richmond drive to be $8,000, one half of which the defendant, Bertha Barr, originally owned in her own right and the other half was recovered for her through the efforts of her attorney; that the value of the personal property given to her under the agreement and as agreed upon between the parties was $301. It was further adjudged that the cross-defendant was entitled to recover 10 per cent. of $4,000 which represented one-half of the value of the real estate and 10 per cent. of the value of the personal property; that Mrs. Barr had overpaid the cross-defendant the difference between 10 per cent. on $4,301 and the amount charged, to wit, $728.77, and that she recover of him such difference, amounting to $298.67. The cross-defendant Mr. Overstreet is here on motion for an appeal from the judgment for $298.67 against him, and Mrs. Barr has been granted and is prosecuting a cross-appeal.

After a careful examination and consideration of the record, the court has reached the conclusion that the appeal should not be granted, and it is therefore denied and the judgment affirmed on the motion for appeal.

It is argued by counsel for appellee that since the payment of the attorney's fees provided for in the contract is contingent upon the procurement of a judgment for divorce and alimony and for a settlement of property rights and the attorney is to receive a sum equal to 10 per cent. of the amount recovered, it is void as against public policy. It is also urged that it is void or unenforceable for other reasons alleged in appellee's cross-petition.

As supporting the argument that the contract is void as against public policy, counsel for appellee cite 2 R. C. L. p. 1044, sec. 125, and the cases cited in the notes under that section. In that section, among other things, it is said:

"So, it is well established that any contract made between a wife and her attorney in advance of a decree for divorce and alimony, by which she agrees to pay to such attorney, as compensation for his services, a certain portion of the alimony which may be awarded, is void upon the ground of public policy."

This is the first time that this precise question has been presented to this court for determination, although the rule as above stated has been given indirect recognition. See Chreste v. Louisville Ry. Co., 167 Ky. 75, 180 S. W. 49, L. R. A. 1917B, 1123, Ann. Cas. 1917C, 867.

In Re Sylvester's Estate, 195 Iowa, 1329, 192 N. W. 442, 443, 30 A. L. R. 180, the court had for consideration a contract between the wife and her attorneys whereby the latter were to prosecute her suit for divorce and settlement of the property rights and were to receive as a fee a sum equal to 20 per cent. of all money or other property recovered or to which her right and title was established. So it will be seen that the contract was similar in all respects to the contract here. It was held that the contract was void as against public policy. In the course of the opinion it was said:

"A contract between an attorney and client, providing for the payment of a fee to the attorney contingent upon the procurement of a divorce for the client, is against public policy and illegal and void.

Such a situation involves the personal interest of the attorney in preventing a reconciliation between the parties, a thing which the law favors and public policy encourages. * * * The sanctity of the marriage relation, the welfare of children, the good order of society, the regard for virtue, all of which the law seeks to foster and protect are ample reasons why such contract should be held to be contrary to public policy."

We find it to be the general prevailing rule in all jurisdictions where the matter has been considered that contracts of this character or contracts of any character which tend to encourage or facilitate divorce are contrary to public policy and void. Muckenburg v. Holler, 29 Ind. 139, 92 Am. Dec. 345; Hamilton v. Hamilton, 89 Ill. 349; Speck v. Dausman, 7 Mo. App. 165; Lynde v. Lynde, 64 N. J. Eq. 736, 52 A. 694, 58 L. R. A. 471, 97 Am. St. Rep. 692; McConnell v. McConnell, 98 Ark. 193, 136 S. W. 931, 33 L. R. A. (N. S.) 1074; Van Vleck v. Van Vleck, 21 App. Div. 272, 47 N. Y. S. 470; Donaidson v. Eaton & Estes, 136 Iowa, 650, 114 N. W. 19, 14 L. R. A. (N. S.) 1168, 125 Am. St. Rep. 275; Pereira v. Pereira, 156 Cal. 1, 103 P. 488, 23 L. R. A. (N. S.) 880, 134 Am. St. Rep. 107; Wilde v. Wilde, 37 Neb. 891, 56 N. W. 724; James v. Steere, 16 R. I. 367, 16 A. 143, 2 L. R. A. 164; Jordan v. Westerman, 62 Mich. 170, 28 N. W. 826, 4 Am. St. Rep. 836; Barngrover v. Pettigrew, 128 Iowa, 533, 104 N. W. 904, 2 L. R. A. (N. S.) 260, 111 Am. St. Rep. 206; Newman v. Freitas, 129 Cal. 283, 61 P. 907, 50 L. R. A. 548-551.

Counsel for appellant are maintaining that the contract is not void and rely on the case of Manning v. Edwards et al., 205 Ky. 158, 265 S. W. 492, as sustaining their position. It appears from the opinion in that case that the wife had employed attorneys to procure a settlement of her property rights, either by compromise or by suit, and had agreed to pay them a sum equal to 10 per cent. of the amount recovered. No question of divorce was involved. The contract was attacked as being against public policy, but the court held in effect that this objection was not well taken, since it had universally been held that contracts to pay a fee equal to a certain per cent. of the amount of the recovery are valid.

Generally speaking this is true; however, as has been pointed out, exception is made to the rule in cases

of this character. Following the rule and the reasons running through all the authorities cited, we are constrained to hold that the contract in controversy is void as against public policy. A wife may, however, employ counsel to prosecute or defend divorce actions and make a valid contract respecting the fee for services rendered, and a number of cases holding that contracts similar to the one here are void further indicate that notwithstanding the invalidity of the contract, the attorney is entitled to recover the reasonable value of the services · rendered. McCurdy v. Dillon, 135 Mich. 678, 98 N. W. 746; In re Sylvester, supra, Lynde v. Lynde, supra, Van Vleck v. Van Vleck, supra.

Mrs. Barr did employ Mr. Overstreet to represent her in the settlement of the property rights made with her husband and she agreed to pay him for his services. So, wholly apart from any question as to the validity of the written contract concerning the fee, he was entitled to recover the reasonable value of his services. The action for divorce was not seriously contested. The pleadings were simple and only about seventeen pages of proof taken. It does appear, however, that Mrs. Barr frequently conferred with Mr. Overstreet and he had a great number of conferences with Mr. Barr's counsel concerning a settlement of the property rights. The evidence of the attorney who represented Mr. Barr indicates that there were over twenty of such conferences. On the record as a whole it appears that the fee allowed Mr. Overstreet under the judgment is sufficient to reasonably compensate him for the services rendered and for that reason the judgment should be affirmed on the cross-appeal, notwithstanding the fact that it was entered on the erroneous theory that the contract was valid.

The other grounds urged for reversal of the judgment are not sustained by the record; therefore, the judgment on the cross-appeal should be, and is, affirmed.