## Keesee v. Smith.

Oct. 24, 1941.

As Modified on Denial of Rehearing Dec. 12, 1941.

610

P. B. Stratton for appellant.

Willis Staton for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

Will M. Smith contracted to sell certain timber to J. Walter Wright for $15,000. Wright refused to accept Smith's deed, contending that he could not convey good title to the timber. Smith instituted this action under Section 639a-1 et seq. of the Civil Code of Practice to obtain a construction of the will of his father, Jacob Smith, to determine what interest he took in the timber under the will and whether or not Wright could be forced to accept the deed tendered him. Also, a decision is sought to determine what interest F. P. Keesee obtained in the timber by virtue of having purchased it at a sheriff's sale in satisfaction of an execution levied thereon as the property of Will M. Smith.

We are concerned with the third paragraph of Jacob Smith's will which devises certain land to the lawful heirs of Will M. Smith subject to their father's life estate, and that part of paragraph 3 which devises the timber reads:

> "And I further direct and desire that the timber on the old home place known as my father's homestead and the two tracts adjoining thereto be sold by my son, Will M. Smith or worked by him, as he may deem proper for his own use and benefit and I further direct and devise that my son, Will M. Smith have absolute control and possession of the old home place of my father and the two tracts adjoining thereto during his natural life and his lawful heirs as above referred to."

Fearing that Keesee took title to the timber by virtue of his purchase under the sheriff's execution sale, Will M. Smith contends he took only a qualified or defeasible fee under the will and at the time an execution for $184.24 was levied thereon in 1939, same was not subject to execution as he had not exercised the right to sell

or cut the timber. As Keesee asserted title by reason of the deed he obtained from the sheriff upon the execution sale, he contends Smith took a fee simple title to the timber under the will of Jacob.

Should the will be given the construction insisted upon by Smith, that would not prevent the interest or title he took thereunder from being subject to execution under Section 1681, Kentucky Statutes, which reads:

> "Land to which the defendant has a legal or equitable title, in fee, for life, or for a term, whether in possession, reversion or remainder, or in which the defendant has a contingent interest or a contingent remainder or a defeasible fee, may be taken and sold under execution." Hoffman v. Newell, 249 Ky. 270, 60 S. W. (2d) 607; Fischer v. Porter, 263 Ky. 372, 92 S. W. (2d) 368.

We have written many times that a devise to one "to do with as he pleases"; "to use any or all of said property or the proceeds from same as she shall desire"; "to have, to hold and to use as she may wish," vests in the devisee a fee simple title. In George A. Gwinn v. Haskell W. Gwinn's Adm'r, 287 Ky. 795, 155 S. W. (2d) 227, many authorities are cited on this subject and it is not necessary to again discuss it, but a mere reference to that opinion will suffice. The language before us devising the timber to Smith is "be sold by my son, Will M. Smith or worked by him, as he may deem proper for his own use and benefit." This clearly gave him the fee in the timber under the Gwinn case and authorities therein cited.

Keesee made his answer a counterclaim against Smith and a cross-petition against Wright. In it he set out the judgment against Smith in 1931 in favor of the Central Indemnity Company for $184.24 with interest; the levy of the execution in 1939; the appraisal of the timber for $2,500; his purchase of same at the sheriff's sale for $343.68; the debtor's failure to redeem within one year as the property did not bring two-thirds of its appraised value, and the sheriff's deed conveying title to Keesee. In the third paragraph of Smith's reply to Keesee's answer and counterclaim, he averred that at the time of the levy of the execution, of the sale and of the deed referred to by Keesee there was of record in the Pike county court clerk's office a mortgage Smith had

executed to his daughter, Octavia J. Smith, on Sept. 8, 1926, on this timber to secure a $3,000 note which had not been satisfied, and that such encumbrance made the execution sale void.

Keesee did not raise an issue as to this mortgage by a rejoinder, but admitted its existence as pleaded by Smith when he demurred to the reply. But the point is made that this reply was withdrawn. Even so, there remained an allegation in the petition that Octavia held this mortgage lien against the property, which allegation was not denied by the answer. The encumbered timber was sold under execution, and by Section 1709, Kentucky Statutes, the purchaser, Keesee, merely acquired a lien thereon which he could enforce only in a court of equity. Garrard v. Hibbard, 152 Ky. 672, 153 S. W. 947; Deaver-Kennedy Co. v. Cooper, 189 Ky. 366, 224 S. W. 1053; Sullivan Machinery Co. v. Leckieville Land Co., 228 Ky. 216, 14 S. W. (2d) 761.

Smith tendered to Keesee and paid into court to be delivered to him at any time that he would accept it a sum sufficient to satisfy the amount of his execution and the court costs up to the time of the tender. As this was all that Keesee could have obtained through a foreclosure of the lien given him by Section 1709 Kentucky Statutes, it follows that this tender satisfied such lien. Since Smith took a fee simple title under his father's will and since he has paid into court a sum sufficient to satisfy Keesee's lien, we hold that the deed which he tendered Wright passed good title to the timber and Wright must accept the deed.

The chancellor erroneously adjudged that Smith did not obtain under the will such title to the timber that could be reached by execution, but as he adjudged Smith could pass a marketable title in the timber to Wright and that Keesee only had a lien upon same to secure him in the amount of his bid of $343.68, which lien was satisfied by the tender, we affirm the judgment. Even though the chancellor here traveled the wrong route, he reached the right destination and his judgment will be affirmed. Overstreet v. Barr, 255 Ky. 82, 72 S. W. (2d) 1014; Shrum v. Meredith, 259 Ky. 366, 82 S. W. (2d) 426.

The judgment is affirmed.