**Michael FRIEND, Appellant,**

v.

**John D. REES, Warden of the Kentucky State Reformatory; Walter Powell, Chief Clerk of the Kentucky State Reformatory; and Captain Philip Haag, Kentucky State Reformatory, Appellees.**

Court of Appeals of Kentucky.

Sept. 13, 1985.

Michael Friend, pro se.

Barbara W. Jones, Linda G. Cooper, David A. Sexton, Corrections Cabinet, Office of Gen. Counsel, Frankfort, for appellees.

Before LESTER, MILLER and REYNOLDS, JJ.

MILLER, Judge.

The appellant, Michael Friend, appeals an Oldham Circuit Court order entered September 20, 1984, dismissing his action against appellees, John D. Rees (Rees), Warden of the Kentucky State Reformatory (KSR) in LaGrange, Kentucky; Captain Philip Haag (Capt. Haag), also of KSR; and, Walter Powell (Powell), Chief Clerk at KSR. Appellant, who appears pro se, is a KSR inmate, having been confined since 1981.

The events leading to this appeal are disputed, but they appear to be as follows: Appellant claims he mailed a request for a copy of his financial records to Powell on December 8, 1982. The application was made pursuant to the Kentucky Open Records Act. KRS 61.870–884. Powell denies receiving this request. On February 16, 1983, appellant was summoned to the Chief Clerk's Office to endorse an insurance company check in order that the check could be credited to his account in the inmate ledger. When appellant demanded a copy of his account card, Powell told him that although he could not furnish him a copy of the records, he could visually inspect the records and that an employee in the Chief Clerk's Office would assist him, answering any questions he might have. Appellant claims he tried to furnish a written request for a copy of the records, but Powell refused it. When appellant tendered the request a second time, Capt. Haag grabbed the paper and roughly thrust it into appellant's shirt pocket. (Capt. Haag states that appellant's loud and unruly behavior prompted his/Haag's actions that day.)

Appellant filed a complaint on February 23, 1983, in the Oldham Circuit Court requesting the court to order the defendants to provide copies of his financial records at no cost under the Kentucky Open Records Act. After the filing of this suit, Rees ordered an investigation of the February 16 incident, and on February 28, 1983, in a memorandum issued by an assistant warden, appellant was notified that he could receive a copy of his account record at ten cents per page, provided he filed a form authorizing a transfer from his account for the cost of the copies. The appellees were served with notice of appellant's complaint on February 23, 1984, one year after the complaint was filed. The trial judge, citing *City of St. Matthews v. Voice of St. Matthews*, Ky., 519 S.W.2d 811 (1974), ruled that appellant's ledger card was not a matter for public scrutiny and dismissed the complaint. The decision in *City of St. Matthews, supra,* was rendered prior to the enactment of the Open Records Act. KRS 61.870–884. It is clear that the state reformatory at LaGrange is a "public agency," as defined in the Open Records Act at KRS 61.870(1). "Public records" include "all books, papers ... cards ... or other documentary materials ... which are prepared, owned, used, ... or retained by a public agency." KRS 61.870(2). KRS 61.-884 provides that "[a]ny person shall have access to any public record relating to him or in which he is mentioned by name, upon presentation of appropriate identification." We have already noted that the Chief Clerk's Office offered to provide copies of appellant's records provided he tender the fee of ten cents per page. A public agency is authorized to prescribe reasonable fees for making copies of public records. KRS 61.876(1)(c), and KRS 61.874(2).

In view of the foregoing, it is clear that appellant was entitled to his records by complying with the reasonable charge of reproduction. Since the record is clear that he was offered his records upon payment of the ten cents per page copying fee, we seen no genuine issue to be resolved, and conclude the complaint was properly dismissed—albeit for the wrong reason. We are bound to affirm if the trial court reached the correct result but, in doing so, applied the wrong reasoning. *See Keesee v. Smith,* 289 Ky. 609, 159 S.W.2d 56 (1941).

For the foregoing reasons, the judgment of the Oldham Circuit Court is affirmed.

All concur.